466 So.2d 1228 (1985)
Jessie Allen MAINSTER, Appellant,
v.
Mary V. MAINSTER, Appellee.
No. 84-1842.
District Court of Appeal of Florida, Second District.
April 10, 1985.
Eleanor Levingston Schockett, P.A., Miami, and Joseph Segor, Miami, for appellant.
James D. Sloan of Luckey, Elver & Sloan, LaBelle, for appellee.
FRANK, Judge.
Our focus in this appeal is on the proper forum for adjudication of the custody of the parties' minor child, Tiffany Mainster. The Mainsters, who were living in North Carolina, separated in 1981 when the wife brought her daughter to Florida. Tiffany lived in this state until June of 1983  first with her mother and then with her paternal grandparents  when her paternal grandfather took her to Virginia to live with her father. There she resided until March 2, 1984, the date on which her mother and her mother's boyfriend removed her from her father's home and brought her to Florida without the father's permission. Although the mother alleges that she never consented *1229 to Tiffany's being taken to Virginia in the first place, she initiated no action to restrain her child's removal from Florida. In contrast, on the very day that Tiffany was taken from Virginia, the father filed an emergency petition for temporary custody in a Virginia court.
After the father's Virginia action had been commenced, the mother, on March 8, 1984, initiated a dissolution proceeding with a petition for child custody in the Florida court. Following an ex parte hearing several days later, the Florida court awarded temporary custody to the mother. In the meantime the Virginia action continued. Thus, on April 12, 1984, the Virginia court determined that Virginia was Tiffany's "home state" for the purpose of jurisdiction under the Uniform Child Custody Jurisdiction Act;[1] and on May 22, that court entered an order awarding the father temporary custody. The father attempted to enforce the Virginia decree in Florida and have the Florida action dismissed, but the trial court denied the motion on August 6, 1984, concluding that Florida  not Virginia  was Tiffany's home state. The father timely appealed, and we reverse.
The father contends that the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, controls. That statute provides that a child's "home state" is "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months." 28 U.S.C. § 1738A(b)(4). The Uniform Child Custody Jurisdiction Act (UCCJA) contains an identical definition. § 61.1306(5), Fla. Stat. When Tiffany's father filed his petition on March 2, 1984, Virginia was Tiffany's home state under either the PKPA or the UCCJA. Moreover, as we have noted, the Virginia proceeding pre-dated the action commenced in Florida. Regardless of the circumstances under which Tiffany had been taken to live in Virginia, she had lived there for the requisite six months preceding the father's filing of his action; therefore, the finding that Florida was Tiffany's home state was erroneous.
The mother has attempted to persuade us that a separation agreement entered into by the parents in 1982, but never filed in any court, should somehow control our jurisdictional analysis. Under that agreement the mother was to have primary custody of Tiffany with the father accorded liberal visitation privileges. The gist of the mother's argument is that because both Tiffany and her mother lived in Florida at the time of the execution of that agreement, Florida therefore became Tiffany's home state by agreement of the parties. Such an interpretation is without foundation and ignores the relevant statutory criteria which govern the assessment of jurisdiction.
When the Virginia court correctly determined that Virginia was Tiffany's home state under the UCCJA and subsequently entered its child custody order, it exercised its jurisdiction "substantially in conformity" with the UCCJA. § 61.1314(1), Fla. Stat. Because the Virginia proceeding was pending at the time the mother filed her Florida action, the Florida court should have declined to exercise jurisdiction. Id; see Mondy v. Mondy, 428 So.2d 235 (Fla. 1983).
Accordingly, we reverse the trial court's denial of the husband's motion to dismiss and remand for proceedings consistent with this opinion.
RYDER, C.J., and CAMPBELL, J., concur.
NOTES
[1] Va.Code §§ 20-125  20-146; §§ 61.1302-61.1348, Fla. Stat.