# 2004 DTA 94

RECEIVED

SEP 03 2004

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGION JUDICIAL DE PONCE**

DEPARTAMENTO DE LA FAMILIA
Peticionario

v.

DEBORAH RIVERA RENTAS
Recurrida

Núm. KLCE-04-00096

San Juan, Puerto Rico, a 22 de abril de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Jueza Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Comparece ante nos el Departamento de la Familia de Puerto Rico y nos solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala de Ponce (Hon. Teresa M. Pérez Stuart, Juez), el 26 de enero de 2004. Mediante el referido dictamen, el foro de instancia ordenó que una vez se concluyera el proceso de evaluación y el informe de la Dra. Caro, las menores S.T.R. y H.S.R. debían ser trasladadas al estado de Massachusetts y ser entregas al Executive Offices of Health and Human Services Department of Social Services de Boston. Esto se haría acompañadas por un funcionario del Departamento de la Familia de Puerto Rico, quien llevaría toda la evidencia obtenida de las menores para la acción pertinente en dicho estado. Además, el Tribunal de Primera Instancia dispuso en su resolución que el traslado se haría no más tarde del 30 de enero de 2004.

Luego de estudiados los hechos, así como el derecho aplicable, denegamos la expedición del auto de *certiorari* y como resolvió el Tribunal de Primera Instancia, las menores S.T.R. y H.S.R. deben ser trasladadas al estado de Massachusetts para ser entregadas al Executive Offices of Health and Human Services Department of Social Services.

### I

El 19 de junio de 2003, las menores H.S.R. y S.T.R. viajaron de vacaciones a Puerto Rico con su madre, Deborah Rivera Rentas, quien posee la custodia legal de éstas según Sentencia emitida en el Estado de Massachusetts, a casa de su abuela materna, María M. Rivera Renta, donde reside su otra hija mayor A.V.R. Durante el verano del año 2003, la señora Rivera Rentas realizó las gestiones desde el estado de Massachussets para matricular a las menores H.S.R. y S.T.R. en la escuela de la comunidad S.U. Alfredo Bocachica León, en Villalba, para que cursaran estudios durante el año escolar 2003-2004.

Las menores H.S.R. y S.T.R. debían regresar al estado de Massachusetts para el 26 de septiembre de 2003, fecha en la cual comenzaban las clases de las menores en dicha jurisdicción. El 22 de septiembre de 2003, la abuela materna de las menores, con la cual ellas se encontraban en Puerto Rico, recibió sus pasajes de regreso.

Así las cosas, el 26 de septiembre de 2003, fecha en que las menores debían regresar al estado de Massachusetts, el Departamento de la Familia de Puerto Rico presentó una petición de custodia de emergencia al amparo del Artículo 35 de la Ley Núm. 342 de 16 de diciembre de 1999, 8 L.P.R.A. sec. 443, hoy derogada por la Ley Núm. 177 de 1 de agosto de 2003, mejor conocida como la Ley para el Bienestar y Protección Integral de la Niñez, con el propósito de proteger a las menores A.V.R., S.T.R. y H.S.R., ya que entendía que éstas habían sido víctimas de maltrato, por alegadamente haber sido abusadas sexualmente por su padrastro, el señor Pedro Gómez, y que estaban en riesgo inminente de ser maltratadas nuevamente. (Ap. *Certiorari*, a las págs. 10-13.)

Ese mismo día, el Tribunal de Primera Instancia celebró una vista a los efectos de atender la solicitud de petición de custodia de emergencia. A la referida vista compareció la señora Brunymar Santos Colón, Trabajadora Social I del Departamento de la Familia de Puerto Rico, María M. Rivera Renta, abuela de las menores y las menores A.V.R., S.T.R. y H.S.R. El Tribunal de Primera Instancia, luego de escuchar los testimonios de la trabajadora social y el de las menores, le concedió la custodia provisional de las mismas al Departamento de la Familia de Puerto Rico. (Ap. *Certiorari*, a las págs. 14-17.) Además, señaló vista de ratificación de remoción de custodia para el 14 de octubre de 2003, según lo dispone el Artículo 38 de la Ley Núm. 342, 8 L.P.R.A. sec. 443c. (Ap. *Certiorari*, a las págs. 18-19.)

A la vista de ratificación, señalada para el 14 de octubre de 2003, compareció Brunymar Santos Colón, María M. Rivera Renta, la Procuradora Especial de Relaciones de Familia en representación de las menores A. V.R., S.T.R. y H.S.R. y el señor José R. Vargas, padre de la menor A.V.R. En la referida vista, según surge del acta, también compareció Deborah A. Rivera Rentas, parte demandada-recurrida y madre de las menores. Rivera Rentas, parte demandada-recurrida, sin someterse a la jurisdicción y por medio de su representación legal, alegó que nunca fue notificada del procedimiento en su contra, por lo que la remoción no fue conforme a derecho, y además sostuvo que el foro de instancia no tenía jurisdicción sobre dos (2) de sus tres (3) hijas menores, específicamente sobre S.T.R. y H.S.R., ya que las menores residen y estudian en el estado de Massachusetts el cual ya había asumido jurisdicción sobre las menores y no habían residido en Puerto Rico por lo menos seis (6) meses antes a la fecha en que el Departamento de la Familia de Puerto Rico presentara la petición de emergencia. Ante las alegaciones de la parte demandada-peticionaria, Deborah A. Rivera Rentas, sobre si tenía o no jurisdicción el tribunal, el foro de instancia señaló una vista para el 16 de octubre de 2003 para discutir el asunto jurisdiccional. (Ap. *Certiorari*, a las págs. 21-22.) Respecto a la menor A.V.R., la parte aquí demandada-peticionaria se sometió a la jurisdicción del tribunal, pues de la prueba presentada en evidencia surgía que dicha menor llevaba más de seis (6) meses residiendo en Puerto Rico, por lo que el foro de instancia señaló vista de ratificación de custodia de dicha menor para el 9 de diciembre de 2003.

El 16 de octubre de 2003, se celebró una vista en auxilio de jurisdicción. En la referida vista, el Departamento de la Familia de Puerto Rico solicitó mantener la custodia de emergencia para comenzar a hacer gestiones con el estado de Massachusetts para verificar si se iba a seguir con la investigación sobre maltrato de las menores en ese Estado, o si por el contrario renuncia a su jurisdicción y cedía la misma para que en Puerto Rico se continuara con los procedimientos. Luego de reunirse las representaciones legales de las partes, la Lcda. Sheila M. Torres Matías, abogada del Departamento de la Familia de Puerto Rico, le informó al Tribunal que las partes han acordado que la demandada-peticionaria, Rivera Rentas, se someta a la jurisdicción del tribunal en cuanto a la menor A.V.R., la cual lleva más de seis (6) meses en Puerto Rico y se señaló vista de ratificación de custodia para el 9 de diciembre de 2003. Además, expresó que en cuanto a las menores H.S.R. y S.T.R., la parte demandada-peticionaria acepta que el Departamento de Familia de Puerto Rico retenga la custodia provisional de emergencia al amparo P.K.P.A., sin someterse a la jurisdicción en cuanto a ellas. (Ap. *Certiorari*, a las págs. 23-26.)

El 6 de noviembre de 2003, el Tribunal de Primera Instancia emitió una resolución otorgando la custodia provisional de las menores H.S.R. y S.T.R. al Departamento de la Familia de Puerto Rico al amparo del P.K.P. A. (Ap. *Certiorari*, a las págs. 27-29.)

El 10 y 12 de diciembre de 2003, en el foro de instancia se celebró la vista de ratificación de privación de custodia. A la misma comparecieron como testigos el señor Noel Serrano Ostolaza, padre biológico de la menor H.S.R., la Dra. Iris Vélez, ginecóloga, y la Dra. Caro, psicóloga de la Universidad Carlos Albizu. Luego de que el foro de instancia evaluara toda la prueba presentada, encontró que existía prueba suficiente sobre los alegados maltratos y abuso sexual y se reafirmó en su orden del 6 de noviembre de 2003, manteniendo la jurisdicción de emergencia sobre las dos menores H.S.R. y S.T.R. al amparo del P.K.P.A. Además, el Tribunal de Primera Instancia, al ser la situación de autos una de alto interés público y en protección de las menores H.S.R. y S.T.R., ordenó que se mantuviera la evaluación de las mismas con la Dra. Caro. Por último, ordenó el foro de instancia que una vez concluidas las evaluaciones y que el informe esté rendido, las menores sean trasladadas por un funcionario del Departamento de la Familia de Puerto Rico y la evidencia obtenida a no más tardar del 30 de enero de 2004. (Ap. *Certiorari*, a las págs. 47-57.)

Finalmente, el 26 de enero de 2004, el Tribunal de Primera Instancia dictó sentencia parcial recogiendo lo anteriormente dispuesto. Específicamente, dispuso que luego de ponderar la prueba presentada tanto escrita como oral, determina que es el estado de Massachusetts el que tiene jurisdicción sobre las menores H.S.R. y S. T.R. Además, dispuso que al entender que hay prueba suficiente sobre maltrato, ordenó que se terminara el

proceso de evaluación de las menores en la Universidad Carlos Albizu reteniendo la custodia de las menores hasta una vez se concluya ello. Por último, dispuso que una vez terminado el proceso de evaluación y con el informe de la Dra. Caro, las menores H.S.R. y S.T.R. deberán ser trasladadas a Massachusetts, no más tarde del 30 de enero de 2004, y ser entregadas al Departamento de Servicios Sociales en Boston, acompañadas por un funcionario del Departamento de Familia de Puerto Rico quien llevará toda la evidencia obtenida para la acción pertinente en el estado de Massachusetts. (Ap. *Certiorari*, a las págs. 2-8.)

El 29 de enero de 2004, la parte aquí demandante-peticionaria, Departamento de la Familia, al estar inconforme con dicha determinación, acudió ante nos mediante recurso de *certiorari*. En el misma alegó que erró el Tribunal de Primera Instancia al determinar que sólo existe jurisdicción de emergencia a tenor con los postulados del P.K.P.A. en cuanto a las menores H.S.R. y S.T.R. y que no existen los contactos mínimos necesarios para establecer jurisdicción en cuanto a las referidas menores. Además, alega que incidió el foro de instancia al determinar que no era la intención de la señora Rivera Rentas, en cuanto a las menores H.S.R. y S.T.R., el que éstas vinieran a residir a Puerto Rico, cuando de la prueba surge la intención voluntaria de éstas de beneficiarse de las leyes y de la protección del Estado Libre Asociado de Puerto Rico.

Al día siguiente, o sea el 30 de enero de 2004, la parte aquí demandante-peticionaria, Departamento de la Familia, presentó ante nos una moción en solicitud de auxilio de jurisdicción. Ese mismo día, este Tribunal emitió una Resolución ordenando la paralización de los procedimientos, incluyendo la orden emitida a los efectos de que las referidas menores regresen al estado de Massachusetts no más tarde del 30 de enero de 2004. Además, se le concedió a la parte demandada-recurrida, Rivera Rentas, que en un término de quince (15) días mostrara causa por la cual no se debía expedir el auto solicitado y el Tribunal de Primera Instancia en dicho término debía elevar los autos originales, salvaguardando la confidencialidad de los informes sociales.

El 17 de febrero de 2004, compareció ante nos la parte aquí demandada-recurrida, Rivera Rentas, mediante su escrito en oposición. El 31 de marzo de 2004, el Tribunal de Primera Instancia, Sala de Ponce, elevó los autos originales del caso ante nos.

Por ello, con el beneficio de la comparecencia de todas las partes y los autos originales del caso, nos encontramos en posición de resolver.

## II

Para el año 1980, el Congreso de los Estados Unidos aprobó la legislación del Parental Kidnaping Prevention Act (en adelante P.K.P.A.), 28 U.S.C. sec. 1738A. El propósito primordial de esta legislación es promover la cooperación entre los estados, facilitar el cumplimiento de los decretos de custodia de otros estados, desalentar la competencia entre varias jurisdicciones y evitar conflictos entre tribunales de distintos estados en lo que respecta a determinaciones de custodia de menores. Declaración de Propósitos del P.K.P.A. de 1980, Pub. L. No. 96-611, secs. 7 (c) (1) - 7 (c) (5), 94 Stat. 3566, 3569 (1980). Véase además: *Ortega, Jr. v. Morales Ortega*, 131 D.P.R. 783, 788 (1992).

Dicha legislación fue promulgada para proteger la eficacia y validez que tiene un decreto de custodia emitido por un estado al ejercer válidamente su jurisdicción. *Pérez Pascual v. Vega Rodríguez,* 124 D.P.R. 529, 536 (1989). Un estado está obligado a otorgarle entera fe y crédito a un decreto de custodia emitido validamente por otro estado. *Id.*

Por ello, es que el P.K.P.A. nos señala en la sección 1738-A que:

"*§1738A. Full faith and credit given to child custody determinations*

*(a) The appropriates authorities of every States shall enforce according to its terms, and shall not modify*

*except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another States."*

De conformidad con lo anteriormente expuesto en el P.K.P.A. se requiere que un estado le de entera fe y crédito a un decreto de custodia de otro estado, siempre y cuando el estado que emitió el decreto lo haya hecho cumpliendo con lo dispuesto en la ley federal. En específico, el P.K.P.A. señala que sus disposiciones son aplicables a Puerto Rico. 28 U.S.C. sec. 1738A(b)(8); *Sterzinger v. Ramírez*, 116 D.P.R. 762, 786 (1985); *Perrón v. Corretjer*, 113 D.P.R. 593, 601 (1982).

Un término importante dentro de la legislación federal del P.K.P.A. es el de estado residencia del menor. Este concepto se ha definido en dicha legislación de la siguiente manera:

*"(b) As used in this section, the term-*

*[...]*

*(4) "home State" means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of the child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period;*

*[...]".*

28 U.S.C. sec. 1738A (b)(4).

De conformidad con lo anteriormente expuesto, se ha interpretado que el estado residencia del menor según lo dispone P.K.P.A. es aquél donde el menor ha residido con sus padres por lo menos seis (6) meses previo a la presentación de la petición de custodia de emergencia. *Perrón v. Corretjer, supra,* pág. 601; *Mainster v. Mainster*, 466 So. 2d. 1228, 1229 (Fla. App 2 Dist. 1985). No obstante, que el menor haya residido por un período de seis (6) meses en el estado que se presenta la petición de custodia, no excluye de manera automática la jurisdicción del estado en que se emitió la resolución inicial de custodia. *Jesús A. v. Lizette A.,* 546 N.Y.S.2d. 284, 286 (1989).

Se ha resuelto que para que un estado que no es el de residencia de un menor, asuma jurisdicción sobre una petición de custodia de emergencia, debe probarse que el menor se encuentra en una situación de peligro (*"clear and present danger"*) por abuso o negligencia que amerita el ejercer la jurisdicción temporera. *Curtis v. Curtis*, 574 So. 2d. 24, 28 (1990). Cf. *Shook v. Shook*, 651 So.2d. 6, 9 (1994).

Al amparo del P.K.P.A., un decreto judicial sobre custodia de un menor es compatible con dicha legislación si cumple con lo siguiente:

*"[...]*

*(1) such court has jurisdiction under the law of such State; and*

*(2) one of the following conditions is met:*

*(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child´s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and*

*a contestant continues to live in such State;*

*(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parent, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child´s present or future care, protection, training, and personal relationships;*

*(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;*

*(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or*

*(E) the court has continuing jurisdiction pursuant to subsection (d) of this section."*

28 U.S.C. sec. 1738A(c).

Resumiendo lo anteriormente expuesto, los dictámenes de custodia no deben ser modificados por los tribunales de otros estados, a menos que éstos adquieran jurisdicción bajo alguno de los siguientes criterios: porque el menor lleva residiendo en dicho estado por lo menos seis (6) meses consecutivos con sus padres o encargados antes de comenzar el procedimiento de custodia; o que donde se presenta el procedimiento de custodia es el estado residencia del menor antes de ser trasladado o retenido por una de las partes a otro estado durante los seis (6) meses anteriores; o que ningún otro estado tenga jurisdicción bajo los criterios antes mencionados; o que el niño se encuentre físicamente en dicho estado y lo hayan abandonado o exista una situación de emergencia que requiera de su protección porque ha sido víctima de maltrato o abuso; o que el estado con jurisdicción por residencia haya declinado a la misma o ya no la tenga y en el estado que se presenta el procedimiento de custodia sea el más apropiado para decidir dicha controversia por estar disponible la prueba. 28 U.S.C. sec. 1738A(a), (c) y (f); *Perrón v. Corretjer, supra*, a las págs. 602-604.

Reiteradamente se ha sostenido que un tribunal tiene autoridad para modificar una determinación de custodia decretada por otro tribunal si: tiene jurisdicción y el otro tribunal no la posee o ha declinado ejercerla. *Perrón v. Corretjer, supra*, a la pág. 603. A *contrario sensu*, un tribunal no debe ejercitarla si está pendiente una determinación análoga en un tribunal de otro estado que ha intervenido, ajustándose y de manera compatible con la norma jurisdiccional del estatuto. *Id.*

Cuando Puerto Rico es la jurisdicción de *"residencia"* bajo las disposiciones del P.K.P.A., las determinaciones de nuestros tribunales deben ser respetadas por otras jurisdicciones estatales. *Pérez Pascual v. Vega Rodríguez, supra*, a la pág. 535; *Sterzinger v. Ramírez, supra; Perrón v. Corretjer, supra*. De igual forma, los tribunales de Puerto Rico están obligados a otorgarle entera fe y crédito a un decreto de custodia emitido válidamente por cualquier estado de la Unión. *Pérez Pascual v. Vega Rodríguez, supra*.

*"[E]xiste un criterio definitivo de que el campo está ocupado en lo concerniente a la prohibición federal de que un tribunal modifique una determinación válida de custodia de otro estado o ejercite jurisdicción concurrente de un pleito ya comenzado."* *Perrón v. Corretjer, supra*, a la pág. 604.

## III

Según surge del expediente ante nuestra consideración, en el caso de autos, el Tribunal del estado de Massachusetts ha estado interviniendo con la madre de las menores H.S.R. y S.T.R., parte aquí demandada-recurrida, desde el año 2002. A esos efectos, tanto el Tribunal de Massachusetts como el Executive Office of Health and Human Services Department of Social Services de Boston ha estado intervenido en el caso de autos, asumiendo dicho Departamento la custodia de las menores, la cual posteriormente se le devolvió a su madre al darle dicha parte cumplimiento al plan de servicio pautado. Además, es importante señalar que de los documentos que obran en el expediente ante nuestra consideración surge que el Executive Office of Health and Human Services Department of Social Services no ha terminado su intervención en el caso de autos, pues surge que hay un plan de servicios hasta diciembre de 2003. (Ap. *Certiorari*, a las págs. 35-42.)

Además, es importante señalar que en el caso de autos las menores H.S.R. y S.T.R. han vivido en el estado de Massachusetts la mayor parte de sus vidas, lugar en el que estudian y que su presencia en Puerto Rico se debió única y exclusivamente a que estaban de visita y vacaciones en casa de su abuela materna.

El Tribunal de Primera Instancia, Sala de Ponce, correctamente concluye que el estado residencia de las menores es Massachusetts y que el trámite por él pautado se debió a una situación de emergencia, pero el mismo no va dirigido a modificar la custodia de las menores de manera final lo cual le compete a los foro de Massachusetts.

Además, coincidimos con el foro de instancia respecto a que las menores deben ser trasladadas al estado de Massachusetts, previo a la coordinación del Departamento de la Familia de Puerto Rico con el Executive Offices of Health and Human Services Department of Social Services de Boston, sobre la forma en que se va hacer el mismo y que se le entregue a dicho Departamento todos los informes sociales y el Informe de Evaluación de Alegaciones de Abuso Sexual suscrito por Maritza Caro Velázquez, psicóloga clínica de la Clínica de Salud Mental de la Comunidad, Inc. así como cualquier otra evidencia pertinente para la evaluación de maltrato y abuso sexual que haya sido descubierta.

De conformidad con lo aquí dispuesto, es forzoso concluir que no incidió el foro de instancia al determinar que sólo existe jurisdicción de emergencia al amparo del P.K.P.A. y que una vez concluidas las evaluaciones psicológicas sobre abuso sexual, las menores deben ser devueltas al estado residencia de las mismas que en este caso en particular es Massachusetts.

## IV

Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de *certiorari* y se remiten los autos originales al Tribunal de Primera Instancia, Sala de Ponce, para la devolución de las menores S.T.R. y H.S.R. al estado de Massachusetts previa coordinación con las autoridades de esa jurisdicción. Además, se deja sin efecto la orden de paralización de los procedimientos.

Notifíquese inmediatamente vía facsímil y correo ordinario.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General