901 So.2d 893 (2005)
Todd M. BENSON, Petitioner,
v.
Kristina Shoffit EVANS, Respondent.
No. 4D05-982.
District Court of Appeal of Florida, Fourth District.
April 18, 2005.
Rehearing Denied June 1, 2005.
*894 Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, and Irene Annunziata, Fort Lauderdale, for petitioner.
H.T. Maloney of Patterson & Maloney, Fort Lauderdale, for respondent.
PER CURIAM.
We grant the petition for writ of prohibition. Under the provisions of section 61.514, Florida Statutes (2004), the circuit court was without jurisdiction to take this case. The Uniform Child Custody Jurisdiction Act "applies to paternity actions when custody is an issue." Wilson v. Zambito, 773 So.2d 581, 582 (Fla. 4th DCA 2000). The child has resided in Texas for over three years with petitioner, a "person acting as a parent" within the meaning of section 61.503(13), Florida Statutes (2004), so there is no jurisdiction under section 61.514(1)(a). Based on the child's residence, Texas has jurisdiction. No order in the record reflects that a Texas court "ha[s] declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under s. 61.520 or s. 61.521"; also, the record does not reflect that the mother has "a significant connection with this state other than mere physical presence" and, given the child's long term residence in Texas, there appears to be no evidence available in Broward County "concerning the child's care, protection, training, and personal relationships." § 61.514(1)(b), (c). There have been no prior Florida orders or judgments involving custody of the minor child. Since the child left to go to Texas in 2001, the mother has lived in New York and California; the child has lived with the father in Texas and has not maintained any significant contacts with Florida.
The circuit court's determination that Florida is the child's home state was made after a general discussion of public policy, not with reference to statutory authority. Section 61.514(1) is "the exclusive jurisdictional basis for making a child custody determination by a court of this state." § 61.514(2); see also Mainster v. Mainster, 466 So.2d 1228, 1229 (Fla. 2d DCA 1985) (holding that Florida was not home state for minor child removed without parent's permission to Virginia, because she had been living there for over six months preceding the father's filing of emergency petition for temporary custody). At the February 1, 2005 hearing it appears that the Texas court was willing to let the *895 Florida court have the case, if the Florida court found jurisdiction. At a November, 2004, telephone hearing, the Texas court indicated that it believed Florida might decline jurisdiction and was prepared to take jurisdiction if Florida declined to do so. The dismissal of the case in Texas appears to be based on the decision of the Florida circuit court to take over jurisdiction. In an April 13, 2005 order by the Texas court, there is no explicit ruling that because of the father's "unjustifiable conduct," the Texas court is declining jurisdiction. The circuit court appears to have accepted jurisdiction, at least in part, because of the father's wrongful conduct. However, "unjustifiable conduct" does not vest jurisdiction in a court; "unjustifiable conduct" by a person seeking to invoke jurisdiction is a basis for a court declining jurisdiction. See § 61.521(1).
Petition for writ of prohibition granted.
WARNER, GROSS and HAZOURI, JJ., concur.