PER CURIAM.
 

 Kendra Laquiesta Collier, former wife, appeals that portion of the circuit court’s final judgment of dissolution in which the court determined that the minor child would spend the majority of her time with her father in North Carolina rather than with her mother in Wisconsin. We reverse.
 

 It was undisputed that the child had lived with her parents in North Carolina and then, after their separation, with her mother in Wisconsin, during the six months before the former husband commenced the dissolution proceeding in Du-val County, where he is a legal resident. Accordingly, under section 61.514, Florida Statutes (2008), of the Uniform Child Custody Jurisdiction and Enforcement Act, Florida was not the child’s home state and the circuit court did not have jurisdiction to make an initial child custody determination.
 
 See, e.g., In re: D.N.H.W.,
 
 955 So.2d 1236 (Fla. 2d DCA 2007);
 
 Benson v. Evans,
 
 901 So.2d 893 (Fla. 4th DCA 2005).
 

 
 *438
 
 REVERSED and REMANDED for entry of an order consistent with this opinion.
 

 WEBSTER, PADOYANO, and ROBERTS, JJ., concur.