STEVENSON, J.
This appeal arises from a custody determination made as part of a final judgment *1081 of dissolution of marriage and subsequent orders of the circuit court granting the father’s petition for injunctive relief, requiring the mother to dismiss custody proceedings she had initiated in Turkey, and finding that the Florida court had subject matter jurisdiction to make the initial custody determination. Having considered all issues raised, we affirm the orders appealed and write to address the issue of the Florida circuit court’s jurisdiction to make the custody determination.

The Underlying Proceedings

Both the mother and the father are Turkish citizens. The father is also an American citizen and, during the relevant times, the mother had a green card application. The couple married in Florida, in 2002, and their two sons were born in Florida. It is undisputed that the family resided in Florida until March 14, 2006. At that time, the family went to Turkey. The father returned to Florida on September 12, 2006. And, on November 8, 2006, the father filed a petition for dissolution of marriage in a Florida circuit court, wherein he sought a custody ruling. At the time of filing, the mother and children were in Turkey. The mother and children returned to Florida on January 28, 2007. On May 2, 2007, the Florida circuit court rendered a final judgment of dissolution, incorporating the terms of a marital settlement agreement that designated the father the primary residential parent and afforded the mother supervised visitation to be revisited after six months.
In August of 2009, the father filed a motion seeking an injunction to preclude the mother from proceeding with litigation she had initiated in Turkey to modify child custody, arguing the Florida circuit court had exclusive jurisdiction to modify its custody decree. Following an eviden-tiary hearing, the Florida circuit court granted the father’s petition for injunctive relief and issued an order enjoining the mother from proceeding with custody litigation in Turkey and requiring her to dismiss the same with prejudice. The mother appealed the circuit court’s ruling on the petition for injunction. For the first time on appeal, the mother asserted the Florida circuit court lacked subject matter jurisdiction to make the initial custody determination because Florida was not the children’s “home state” at the time the father filed the petition for dissolution. Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), a child’s “home state” is the touchstone for a court’s jurisdiction to make an initial custody determination. “Home state” is defined as “the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.” § 61.508(7), Fla. Stat. A “period of temporary absence” is part of the relevant six-month period. Id.
At the mother’s request, this court relinquished the case to the circuit court to hear evidence and make the factual findings necessary to determine whether Florida had been the children’s “home state” at the relevant time. During the evidentiary proceeding that followed, it was established the family lived in Florida up until March 14, 2006. At such time, the family went to Turkey, moving into a residence they had purchased in 2005. The father returned to Florida in September of 2006 and filed his petition for dissolution on November 8, 2006. At the time of filing, the mother and children were still in Turkey and had been in Turkey for the seven months and twenty-five days preceding the filing of the petition. At the end of 2006, the father hired Turkish counsel and initiated Hague proceedings seeking the return of the children from Turkey. On January 28, 2007, the mother and children returned to Florida.
*1082 The mother testified that, when the family went to Turkey, they intended to relocate there, and the father subsequently changed his mind and returned to the U.S. According to the mother, she returned to Florida with the children to attempt to reconcile with her husband and, once here, was served with divorce papers. The mother testified that, in the face of the father’s threats that he would contact the FBI and have her removed and her son’s intended surgery, she remained in Florida and signed the marital settlement agreement. The father, on the other hand, insisted the family went to Turkey in March of 2006 for an extended vacation and it was always the family’s intent to return to Florida, citing the mother’s pending green card application. In any event, it is undisputed that, in August of 2007, after the divorce, the entire family went to Turkey and stayed there until April of 2008.
In the circuit court, and here on appeal, the father has argued that the family’s time in Turkey preceding the November-2006 filing of the petition for dissolution of marriage was nothing more than a “temporary absence” and Florida was, at all relevant times, the “home state” of the children. The mother has argued that, because the children were in Turkey for the seven months and twenty-five days preceding the filing of the petition for dissolution, Florida cannot be their “home state” and that the reasons for the children’s absence are irrelevant to the jurisdictional analysis. The circuit court sided with the father, ruling that it had jurisdiction to make the initial custody determination as Florida was the children’s “home state” at the time the father’s petition for dissolution was filed. The court found that the family’s travel to Turkey in March of 2006 was not intended to be a permanent move, that the children’s absence from Florida was a “temporary absence,” and, borrowing language from the Hague Convention and its implementing legislation — the International Child Abduction Remedies Act — that Florida remained the “habitual residence” of the children.

Jurisdiction of a Florida, CouH to Make an Initial Custody Determination under the UCCJEA

A trial court’s subject matter jurisdiction to make an initial custody determination is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). See § 61.514(2), Fla. Stat. (2010) (stating that subsection (1) of statute is “exclusive jurisdictional basis” for making child custody determination); see also Hindle v. Fuith, 33 So.3d 782, 784 (Fla. 5th DCA), review denied, 42 So.3d 233 (Fla.), cert. denied, — U.S. -, 131 S.Ct. 825, 178 L.Ed.2d 557 (2010). The statute provides as follows:
(1) Except as otherwise provided in s. 61.517 [providing for “temporary emergency jurisdiction” where child is in state and has been abandoned and/or subjected to, or threatened with, abuse], a court of this state has jurisdiction to make an initial child custody determination only if:
(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
(b) A court of another state does not have jurisdiction under paragraph (a), or a court of the home state of the child has declined to exercise jurisdiction on the grounds that this state is the more appropriate forum under s. 61.520 or s. 61.521, and:
1. The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a signifi *1083 cant connection with this state other than mere physical presence; and
2. Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships;
(c) All courts having jurisdiction under paragraph (a) or paragraph (b) have declined to exercise jurisdiction on the grounds that a court of this state is the more appropriate forum to determine the custody of the child under s. 61.520 or s. 61.521; or
(d) No court of any other state would have jurisdiction under the criteria specified in paragraph (a), paragraph (b), or paragraph (c).
§ 61.514(1), Fla. Stat.
The UCCJEA defines a child’s “home state” as “the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.... A period of temporary absence of any of the mentioned persons is part of the period.” § 61.503(7), Fla. Stat. The UCCJEA does not define a “temporary absence.”
Under the UCCJEA, jurisdictional priority is given to the child’s “home state” and, if Florida is not the child’s home state, Florida can exercise jurisdiction based upon the child’s connections with the state only if the child’s “home state” has declined to exercise jurisdiction. Arjona v. Torres, 941 So.2d 451, 455 (Fla. 3d DCA 2006). A foreign country is treated as a “state” for purposes of applying the UC-CJEA. See § 61.506(1), Fla. Stat. The UCCJEA further provides that a court of this state “shall” decline to exercise jurisdiction if that jurisdiction is the product of “unjustifiable conduct” on the part of the party seeking to invoke jurisdiction. See § 61.521(1), Fla. Stat.

Home State Analysis

We begin our analysis with section 61.514(l)(a), Florida Statutes, which provides that Florida is the children’s “home state” if Florida was the children’s “home state” on the date of the commencement of the custody proceedings or if Florida was the children’s “home state” during the six months preceding commencement of the custody proceedings, the child is absent from Florida and a parent continues to live in Florida. Thus, under subsection (l)(a), there are two ways for Florida to qualify as the children’s “home state.” Under the first, the children must have been living in Florida for six consecutive months on November 8, 2006, the date of filing of the father’s petition for dissolution. Here, the children had been in Turkey for the seven months and twenty-five days preceding the filing of the petition for dissolution; thus, in order for Florida to be the children’s “home state” under this alternative, the entire seven months and twenty-five days must be characterized as nothing more than a “temporary absence.”
The second alternative permits Florida to exercise jurisdiction if, at any time during the six months preceding the filing of the petition for dissolution, Florida qualified as the child’s “home state.” By its very nature, this analysis contemplates that a court may look backwards from a date the child lived in Florida, which may have occurred as much as six months prior to the commencement of the custody proceeding, and determine whether, at that time, the child had lived in Florida for 6 consecutive months. By definition, however, “home state” means “the state in which a child lived with a parent ... for at least 6 consecutive months immediately before the commencement of a child custody proceeding.” § 61.503(7), Fla. Stat. (emphasis added).
*1084 Courts have struggled with the apparent conflict between the jurisdiction provision providing for the exercise of jurisdiction if, at any time during the six months preceding the filing of the custody proceeding, the state is the child’s home state and the definition of “home state,” which seems to require the consecutive six months to be the six months immediately preceding the filing of the custody proceeding. See, e.g., Welch-Doden v. Roberts, 202 Ariz. 201, 42 P.3d 1166, 1170-74 (2002); Veecock-Little v. Little, No. FA064020140S, 2006 WL 2604990, at *4 (Conn.Super.Ct. Aug.18, 2006); Stephens v. Fourth Judicial Dist. Court, 381 Mont. 40, 128 P.3d 1026, 1028-30 (2006). The jurisdictions in the cited cases have concluded, however, that the inclusion of the words “immediately before the commencement of a child custody proceeding” in the definition of “home state” should not be read so as to essentially eliminate and render meaningless the provision allowing for the assertion of jurisdiction if the state qualified as the child’s home at any time within the six months preceding the filing of the custody proceeding. The courts reasoned that this result is supported not only by principles of statutory construction, which mitigate against interpreting a statute so as to render parts of the statute without meaning, but also by the policies underlying the adoption of the UCCJEA in lieu of its predecessor, i.e., prioritizing home state jurisdiction and minimizing competing assertions of jurisdiction. See Welch-Doden, 42 P.3d at 1171-73 (concluding that the provision allowing for the exercise of jurisdiction if the state qualified as the child’s home state at any time during the six months preceding the filing of the custody proceedings was intended to enlarge, not narrow, the assertion of “home state” jurisdiction). We believe this reasoning is sound and thus hold that section 61.514(l)(a) permits the exercise of home state jurisdiction if, at any time during the six months preceding the filing of the custody proceeding, Florida qualified as the child’s home state.
Applying this conclusion to the instant case permits us to go back as far as May 8, 2006 (six months prior to the filing of the petition for dissolution), and ask whether, at such time, Florida was the children’s “home state,” i.e., whether, on May 8, 2006, the children had been living in Florida with a parent for at least six consecutive months. On May 8, 2006, the children were in Turkey and had been in Turkey for seven weeks. Two months prior to that time, however, they lived in Florida with both parents. Under the definition of “home state,” a period of temporary absence is to be considered as part of the consecutive, six-month period. See § 61.503(7), Fla. Stat. In this case, the circuit court found that, when the family went to Turkey in March 2006, it was not intended to be a permanent move, characterizing the children’s stay in Turkey from such time as a temporary absence. Under these circumstances, we have no difficulty affirming the circuit court’s treatment of the children’s presence in Turkey from March 14, 2006, through May 8, 2006, as a “temporary absence” and finding that, on May 8, 2006, Florida was the children’s “home state.” As the children’s “home state,” the Florida circuit court had jurisdiction to make the initial custody determination.

Affirmed.

GROSS, C.J., and GERBER, J., concur.