PER CURIAM.
The issue presented is whether the trial court erred in finding Colorado to be the home state of the parties’ minor children under Florida’s Uniform Child Custody Jurisdiction Enforcement Act (“UC-CJEA”). We find that the trial court erred in failing to correctly apply the UC-CJEA to the facts of this case, because the home state of the minor children was Florida, not Colorado. Accordingly, we reverse and remand.
The mother and father moved from Colorado to Florida in October of 2010 with their two minor children. On August 24, 2011, the mother moved back to Colorado with the children. A third child was born in Colorado in 2012.
On December 8, 2011, the father filed a verified petition for establishment of parenting plan, child support, and determination of parental responsibility and time-sharing. The mother’s answer asserted that she had filed a petition for divorce in Colorado but failed to contest the alleged duration of time the minor children lived in Florida.
At a May 2012 hearing on the father’s second urgent motion for a child pick-up order and temporary parenting plan, the mother testified that she and the children had been Florida residents for “ten months.”
The trial court'stated on the record:
Having considered the testimony of the two witnesses, the Court is going to deny [the father’s] motion for a pick-up order. The Court is finding that the State of Colorado is the home state under the UCCJ[E]A for jurisdiction purposes.
In terms of factual findings, the Court finds that there is no court order determining the rights of custody that has been entered by any Court of competent jurisdiction. The Court finds that the mother had relocated to the State of Colorado on August 24th or August 25, 2011. The Court finds that the children had maintained continuous residency in the State of Colorado since that time.
[[Image here]]
But for UCCJ[E]A, for jurisdiction purposes, the Court will find that the mother had established a residency in [ex]cess of six months in Colorado, that there are current legal proceedings pending in Colorado and that Colorado is the appropriate place that these matters should now be litigated.
The trial court’s written order found Colorado “to be the home state for purposes of UCCJEA jurisdictional purposes.” The court later denied the father’s motion for rehearing. This appeal by the father follows.
We review de novo the trial court’s ruling that it lacked subject matter jurisdiction under the UCCJEA. Schaffer v. Ling, 76 So.3d 940, 941 (Fla. 4th DCA 2011).
“Under the UCCJEA, jurisdictional priority lies in the child’s home state.” Karam v. Karam, 6 So.3d 87, 90 (Fla. 3d DCA 2009). The Florida circuit court has jurisdiction to make an initial child custody *996 determination only if Florida is the child’s home state on the date of the commencement of the custody proceeding or was the child’s home state within six months before commencement of the proceeding and a parent or person acting as a parent continues to live in the state. § 61.514(l)(a), Fla. Stat. (2011); see also Lande v. Lande, 2 So.3d 378, 381 (Fla. 4th DCA 2008). The statute defines “home state” as “the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.” § 61.503(7), Fla. Stat. (2011).
This court has concluded that “section 61.514(l)(a) permits the exercise of home state jurisdiction if, at any time during the six months preceding the filing of the custody proceeding, Florida qualified as the child’s home state.” Sarpel v. Eflanli, 65 So.3d 1080, 1084 (Fla. 4th DCA 2011).
The case of M.A.C. v. 88 So.3d 1050 (Fla. 2d DCA 2012), is instructive. In M.A.C., the mother and child lived in Florida from January to September 2010 when she and the child moved to North Carolina. The father filed his petition for relief on December 9, 2010. On appeal from the trial court’s ruling that Florida was not the home state of the child, the appellate court found:
Here, the trial court failed to look back to June 9, .2010, six months prior to the filing of the father’s petition, to determine if Florida qualified as the home state at any time between June 9, 2010, and December 9, 2010, the date he filed his petition.... Based on the parties’ agreement on these dates, the mother lived in Florida with [the child] from January 3, 2010, until September 7, 2010, a total of eight consecutive months. September 7, 2010, is within the six-month period prior to the father’s filing of his petition. Thus, Florida qualifies as the home state under the UCCJEA and the South County court had jurisdiction to make the initial time-sharing determination.
Id. at 1054-55.
In the present case, following M.A.C., we look back to six months prior to the date of the father’s petition, or June 8, 2011, and determine whether Florida qualified as the home state of the minor children at any time between then and December 8, 2011. On June 8, 2011 the parties’ two minor children had been living in Florida with both parents for approximately eight months. The mother left Florida after living here with the two children for approximately ten months and within the six-month period prior to the father’s filing of the petition, thereby making Florida the home state of the two minor children at the time of the petition. Thus, the trial court erred in declining to exercise jurisdiction on the grounds that the home state of the minor children was Colorado under the UCCJEA.
The mother’s argument that the trial court properly refused jurisdiction pursuant to section 61.520, Florida Statutes (2011), is not supported by the record and does not merit further discussion. See M.A.C., 88 So.3d at 1055.
In conclusion, because the trial court erred in finding the home state of the two minor children to be Colorado under the UCCJEA, we are required to reverse.

Reversed and remanded for further proceedings.

TAYLOR, LEVINE and KLINGENSMITH, JJ., concur.