IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT FRANKLIN EARNEY,

      Appellant,

v.                                           Case No.  5D16-941

BLENDA QUILOAN,

      Appellee.

_____/

Opinion filed December 9, 2016

Non-Final Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Brian P. North, of Kenny Leigh & Associates
Fort Walton Beach, for Appellant.

Thomas F. Walker, of Albaugh Law Firm,
Saint Augustine, for Appellee.


WALLIS, J.

    Robert Franklin Earney ("Father") appeals the trial court's order temporarily

suspending the timesharing of his minor children.[1] Because the trial court failed to

_____

[1] Father initially filed this action as a petition for writ of certiorari, but this court
subsequently issued an order stating that we would treat the petition as Father's notice of
appeal and initial brief.

communicate with the state having jurisdiction over the child custody decree, we remand with instructions to contact the out-of-state court.

In 2015, the District Court of Lubbock County, Texas, issued a final decree of divorce, dissolving Father's marriage to Blenda Quiloan ("Mother"). Father and Mother had two minor children at the time of the dissolution, both with a home state of Texas. The decree established a timesharing plan between the parents, with Father having the majority of time with the children in Texas and Mother having the remainder of the time in Florida.

On February 23, 2016, upon Father's request, the Lubbock County court issued a writ of attachment ("pick-up order") for the minor children. On February 25, Mother filed, in Putnam County, Florida, a petition to domesticate the foreign judgment, modify the timesharing schedule and parenting plan, and modify child support. On the same day, also in Putnam County, Mother filed an emergency motion to suspend Father's timesharing with the minor children. This petition included the following allegations, similar to those made in the petition to modify the timesharing schedule:

> Mother was contacted by Father's sister that her children were not safe with the father. In November 2015, father's sister (Ann Curtis) went to Lubbock, TX to remove the children and brought the children back with her to Florida. The mother then went to Orlando and retrieved her children in the second week of November, 2015. The father admitted himself to a Mental Health Facility in Lubbock, TX after hearing voices and having suicidal ideology. A neighbor of the Father's contacted police to the Father's residence in Lubbock. . . . Father has sent letters to the Mother detailing that he is on heavy medication to deal with his "mental problems." Father was also indicted by a grand jury in Lubbock Texas for domestic battery with strangulation. At the time of the drafting of this motion Father has threatened to come and take the children back to Texas. Father is a risk to the minor children evidenced by the

behavior and acts of his own sister Ann Curtis as detailed above.

Mother also filed an accompanying Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") affidavit, which stated that the minor children were born in Texas, but had resided in Putnam County since November 2015. The following day, Father filed a petition to domesticate and enforce the out-of-state custody decree, stating, "[Mother] refuses to return children as ORDERED in 'Final Decree of Divorce.'"

On March 3, the trial court held a hearing on the several petitions. After the hearing, the trial court issued an order finding that: it had jurisdiction to hear the motions; Father had been admitted to a Texas medical facility and prescribed medications for mental health issues; and the children have resided and attended school in Putnam County for over three months. Based on these findings, the trial court temporarily suspended Father's timesharing, allowing only supervised timesharing until further order of the trial court, with liberal communication allowed. Father appeals this order.

Mother sought to suspend Father's Texas-ordered timesharing pursuant to Florida's temporary emergency jurisdiction statute, which provides:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

§ 61.517(1), Fla. Stat. (2016). This serves as an exception to the UCCJEA's general "home state" jurisdiction rule, which establishes initial jurisdiction in the "home state of the child on the date of the commencement of the proceeding" or "the home state of the child within 6 months before the commencement of the proceeding" if "the child is absent from this state but a parent or person acting as a parent continues to live in this state." §

3

61.514, Fla. Stat. (2016). Here, Father's undisputed mental health issues and temporary hospitalization sufficiently supported the trial court's finding that temporary emergency jurisdiction was necessary to protect the minor children from abandonment or mistreatment. See § 61.517(1), Fla. Stat.

However, the statute also requires the following:

> A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under ss. 61.514-61.516, shall immediately communicate with the other court. . . .

§ 61.517(4), Fla. Stat. (emphasis added). Further, section 61.511(4), Florida Statutes (2016), states that "a record must be made of a communication under this section. The parties must be informed promptly of the communication and granted access to the record."

Here, the record provides no evidence that, upon receiving Father and Mother's petitions, the trial court contacted the Texas court at all, much less immediately, as required by section 61.517(4). Rather, the trial court set the case for a hearing to be held six weeks later. At the ensuing hearing, the parties discussed the trial court's need to communicate with the Texas court, but the trial court again failed to do so, instead resetting the hearing for mid-June. Additionally, the UCCJEA affidavit and the multiple petitions, including the Texas pick-up order, sufficiently apprised the trial court that Texas maintained initial jurisdiction over child custody, necessitating immediate communication to assist with resolution of the emergency. Therefore, because the trial court failed to satisfy the contact requirement imposed by section 61.517(4), we remand with

4

instructions that the Florida court contact the Texas court to resolve any conflicts that exist between the Texas divorce decree and the Florida order suspending timesharing. See Steckler v. Steckler, 921 So. 2d 740, 745 (Fla. 5th DCA 2006) (affirming the trial court's temporary emergency jurisdiction determination but remanding for contact with the out-of-state court).

AFFIRMED and REMANDED with Instructions.


PALMER and EVANDER, JJ., concur.

5