NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


WAED JAMIL AWAD, )
 )
       Appellant, )
 )
v. )     Case No. 2D18-3448
 )
BASHIR M. NOUFAL, )
 )
       Appellee. )
_____ )

Opinion filed September 13, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hendry County;
James D. Sloan, Judge.

Steven R. Brenners of Brenners-Law,
Coral Springs, for Appellant.

Leah Meshelle Snyder of Leah
Meshelle Snyder P.A., Fort Myers, for
Appellee.


KELLY, Judge.

      The wife, Waed Jamil Awad, appeals from a nonfinal order denying her

motion to dismiss the dissolution of marriage proceeding initiated in Florida by her

husband, Bashir Noufal.  Although she does not challenge the trial court's jurisdiction to

dissolve the marriage, the wife contends that under the Uniform Child Custody

Jurisdiction and Enforcement Act (UCCJEA), the trial court lacked jurisdiction over the child custody portion of the husband's petition. We affirm but remand for further proceedings.

In 2014, the parties lived together in Florida with their two minor children. In May 2017, the wife traveled with the children to Jordan with the husband's consent. The wife returned to the United States in December 2017; however, instead of returning to Florida, she settled in Massachusetts and sought an "Abuse Prevention Order" against the husband. Following a hearing, the Massachusetts court granted the wife's request and awarded her temporary custody of the children.

In April 2018, the husband filed a petition for dissolution of marriage in Hendry County.[1] The wife filed a motion to dismiss the petition asserting that Florida lacked jurisdiction over the children under the UCCJEA. She maintained that Massachusetts has jurisdiction over the children because the children reside there, one of the children receives services there, and a temporary custody order was previously entered in that state. Further, the wife contended that if the trial court determined there was concurrent jurisdiction, the Florida court was required to communicate with the Massachusetts court to determine the most appropriate venue to determine custody. The trial court denied the wife's motion to dismiss finding that Florida has jurisdiction over the dissolution and the children under the UCCJEA. The trial court ordered, however, that the children remain with the wife pending further hearings regarding custody. The trial court refused to contact the Massachusetts court.

---

[1]The trial court's order reflects that the husband also filed an emergency motion for timesharing which was denied. Neither the dissolution petition nor the emergency motion is in our limited record.

Section 61.514(1)(a), Florida Statutes (2017), provides that Florida has jurisdiction to make an initial child custody determination if Florida was the children's "home state" when the custody proceedings were commenced or if Florida was the children's "home state" during the six months preceding commencement of the custody proceedings and the children are absent from the state but a parent continues to live in Florida. " 'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding." § 61.503(7). A period of temporary absence is considered as part of the consecutive six-month period. Id.; see also Sarpel v. Eflanli, 65 So. 3d 1080, 1083 (Fla. 4th DCA 2011) (quoting § 61.503(7)).

The last place the parties lived as a married couple was in Florida. When the wife and children returned from Jordan, the wife took the children to Massachusetts, invoked that court's emergency jurisdiction, and obtained an order awarding her temporary custody. Under these circumstances, we agree with the trial court's characterization in its order of the children's absence from the state as temporary, its finding that Florida was the children's "home state" when the husband initiated the proceedings, and its decision that it had jurisdiction to make an initial custody determination under section 61.514. However, we agree with the wife that the trial court erred in finding it unnecessary to contact the Massachusetts court concerning whether Florida is the most convenient forum for doing so.

Section 61.517(4) provides, in pertinent part:

A court of this state which is exercising jurisdiction under ss. 61.514-61.516, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state

> under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

(Emphasis added.) The UCCJEA provides that a court with jurisdiction over a custody matter may decline to exercise that jurisdiction if the court "determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." § 61.520(1).

Here, the trial court acknowledged the Massachusetts temporary custody order but determined it was "not necessary for this court to initiate contact with the Court in Massachusetts, as Florida is the state that can properly exercise jurisdiction over the custody of the children." This was error. Although we agree that the trial court had jurisdiction to make an initial custody determination under section 61.514, upon learning of the temporary child custody order in Massachusetts, the trial court should have contacted the Massachusetts court to determine whether Massachusetts would be a more appropriate forum to resolve the custody issue as required by section 61.517(4). See id.; Earney v. Quiloan, 206 So. 3d 147, 150 (Fla. 5th DCA 2016) (affirming the trial court's finding regarding jurisdiction but remanding "because the trial court failed to satisfy the contact requirement imposed by section 61.517(4)").

Accordingly, we affirm the order denying the wife's motion to dismiss the husband's divorce petition but remand for the trial court to communicate with the Massachusetts court in accordance with section 61.517(4).

Affirmed and remanded with instructions.

KHOUZAM, C.J., and BLACK, J., Concur.

- 4 -