# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2321
Lower Tribunal No. 21-13535
_____

**Navin Chatani,**
Appellant,

vs.

**Heather Blaze,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant.

Steven M. Swickle, P.A., and Steven M. Swickle (Fort Lauderdale), for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Navin Chatani appeals a trial court's final order dismissing his petition to establish paternity for lack of jurisdiction. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because we find the trial court correctly determined Michigan was the home state of the minor child, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, Navin Chatani ("the Father") and Heather Blaze ("the Mother") had a child in Florida. On November 28, 2020, the Mother traveled to Michigan with the parties' minor child. While the Father visited the minor child in Michigan, the minor child never returned to Florida. On June 1, 2021, the Mother filed a custody petition in Michigan. On July 2, 2021, the Father filed a paternity petition in Florida alleging the trial court had jurisdiction as Florida was the minor child's home state because the minor child had resided in Florida for at least six consecutive months prior to the filing of his petition. The Mother subsequently filed a motion to dismiss the Father's petition alleging she and the minor child had been permanent residents of Michigan since November 2020.

On August 5, 2021, the trial court held an evidentiary hearing on the motion to dismiss. The trial court noted it would need to consult with the Michigan court prior to ruling but heard testimony from both parents regarding whether the Mother and minor child had traveled to Michigan with

2

the intent to remain there indefinitely. The Father testified the trip was merely a temporary absence from Florida. The Mother testified she always intended to reside in Michigan permanently but chose not to inform the Father of this fact. Further testimony was adduced regarding actions the Mother took to establish Michigan as her state of legal residence and the minor child's connections with each state. On September 27, 2021, the trial court conducted a jurisdictional conference with the Michigan court. Following further testimony from each party, the trial court indicated it found the Mother's testimony she intended to permanently reside in Michigan since November 2020 credible and therefore Michigan was the minor child's home state pursuant to section 61.514, Florida Statutes. The Michigan court agreed Michigan was the minor child's home state but noted it had questions regarding whether the Mother engaged in unjustifiable conduct by concealing her intent to reside in Michigan from the Father. The trial court subsequently entered its final order dismissing the Father's petition concluding that pursuant to section 61.514 the minor child's home state was Michigan. This appeal followed.

## LEGAL ANALYSIS

"We review orders granting a motion to dismiss under a de novo standard of review." Williams Island Ventures, LLC v. de la Mora, 246 So.

3d 471, 475 (Fla. 3d DCA 2018). A trial court's factual determination of a minor child's home state under section 61.514(1), however, is reviewed for competent, substantial evidence. See Martinez v. Lebron, 284 So. 3d 1146, 1149 (Fla. 5th DCA 2019) (reviewing a trial court's finding that Florida was a minor child's home state under section 61.514 for competent, substantial evidence); Alvarez v. Jimenez, 337 So. 3d 117, 119 (Fla. 3d DCA 2021).

## I.    *Home State Jurisdiction*

The Father argues the trial court erred in dismissing his petition because the minor child's "habitual residence" was Florida within six months preceding his petition as the Mother and minor child's move to Michigan was merely a temporary absence. Section 61.514 "is the exclusive jurisdictional basis for making a child custody determination by a court of this state." § 61.514(2), Fla. Stat. Section 61.514(1)(a) provides Florida has jurisdiction over a child custody action if Florida was the home state of the minor child on the date the petition was filed or was the home state of the minor child within six months before the petition was filed. See § 61.514(1)(a), Fla. Stat. Section 61.503(7) defines a minor child's home state as "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding." § 61.503(7), Fla. Stat. Section 61.503(7) further states

4

a "period of temporary absence" is included in the relevant six-month period, but a period of temporary absence is not defined.

Florida courts have interpreted temporary absence to mean "there are two ways for Florida to qualify as the [child]'s 'home state.'" Sarpel v. Eflanli, 65 So. 3d 1080, 1083 (Fla. 4th DCA 2011). Under the first way, the minor child must have resided in Florida for six consecutive months prior to the date of filing of the petition. It is clear under these factual circumstances that Florida did not have jurisdiction pursuant to the first way. Under the second, Florida has jurisdiction if at any time during the six months preceding the filing of the petition, Florida qualified as the minor child's home state. See id. The Father asserts the trial court had jurisdiction under the second because Florida qualified as the minor child's home state within the six months preceding the filing of his petition despite the minor child's "temporary absence" in Michigan. Appellate courts, however, have determined this second alternative to obtain jurisdiction means "that a court may look backwards **from a date the child lived in Florida**, which may have occurred as much as six months prior to the commencement of the custody proceeding, and determine whether, at that time, the child had lived in Florida for 6 consecutive months." Sarpel, 65 So. 3d at 1083 (emphasis added); see also Barnes v. Barnes, 124 So. 3d 994, 996 (Fla. 4th DCA 2013); M.A.C.

5

v. M.D.H., 88 So. 3d 1050, 1054 (Fla. 2d DCA 2012). Here, the Father concedes the Mother and the minor child were in Michigan for the entire seven months preceding the date he filed his amended petition. Therefore, there was no date the minor child resided in Florida within the six months preceding the filing of the Father's petition from which the Court could look back from and determine if Florida was the minor child's home state.

Turning to the Father's assertion that the minor child's time in Michigan was a temporary absence, the trial court made a credibility finding based on the testimony and determined the Mother never intended to return to Florida. While we are sympathetic to the Father's position that the Mother never informed him of her intentions, we are constrained "to accept the factual findings of the trial court so long as there is support for them by competent substantial evidence." Estate of Brock, 692 So. 2d 907, 913 (Fla. 1st DCA 1996); Hooker v. Hooker, 220 So. 3d 397, 404 (Fla. 2017) ("[T]he trial court's factual findings must not be disturbed on appeal unless unsupported by competent, substantial evidence."). Here, the trial court found the Mother had intended to permanently reside in Michigan since November 2020 and there was competent, substantial evidence to support that finding. As such, the trial court did not err in finding Michigan was the minor child's home state and dismissing the Father's petition.

6

## II.     *Unjustifiable Conduct*

The Father also alleges the trial court erred in refusing to accept jurisdiction when the Mother engaged in unjustifiable conduct by continually informing him she would eventually return to Florida when in actuality she intended to remain permanently in Michigan with their minor child.  Despite the Father's contention, unjustifiable conduct does not vest a Florida court with jurisdiction.  See Benson v. Evans, 901 So. 2d 893, 894–95 (Fla. 4th DCA 2005) (stating "'unjustifiable conduct' does not vest jurisdiction in a court").

Section 61.521(1), Florida Statutes, provides "if a court of this state has jurisdiction under this part because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction."  Essentially, section 61.521 provides that when a party has engaged in unjustifiable conduct to establish jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, a Florida court shall decline, not accept, that jurisdiction.  Therefore, it is clear that unjustifiable conduct does not confer jurisdiction on a court where it otherwise does not have it.  It simply operates as a basis for the court to decline jurisdiction if a party engages in it.  See Benson, 901 So. 2d at 895 ("'[U]njustifiable conduct' does not vest jurisdiction in a court; [instead]

7

'unjustifiable conduct' by a person seeking to invoke jurisdiction is a basis for a court declining jurisdiction.").

The Father briefly argues the Michigan court's statement questioning whether the Mother engaged in unjustifiable conduct was an invitation for the Florida court to take jurisdiction. This argument is without merit. As discussed, Michigan was properly determined to be the child's home state pursuant to section 61.514(1) and the Michigan court stated it would accept jurisdiction despite questions regarding the Mother's conduct. When another state court has jurisdiction, a Florida court does not have the authority to accept jurisdiction based solely on alleged unjustifiable conduct by a party. See id. at 894–95.

Affirmed.