PER CURIAM.
Jennifer Wilson (the mother) seeks review of a nonfinal order of the Broward County circuit court denying her motion to dismiss petition to establish paternity for lack of jurisdiction. We have certiorari jurisdiction, see Snider v. Snider, 686 So.2d 802, 803 n. 1 (Fla. 4th DCA 1997), and grant the petition.
The child in question was born in Rochester, New York, in 1998, and lived there with her mother all her life until the mother relocated to Florida in February 2000. In May 2000, Robert Zambito filed a petition in the Broward County circuit court to establish paternity and seeking visitation rights. The mother, appearing specially to determine the issue of jurisdiction, filed a motion to dismiss, inter aha for lack of subject matter jurisdiction, claiming that Zambito failed to comply with the Florida Statutes and the Uniform Child Custody Jurisdiction Act (UCCJA); that the court *582 was without jurisdiction because Florida was not, nor had it ever been, the child’s home state, pursuant to section 61.1808(l)(a)l & 2, Florida Statutes; that she intended to return to New York and had never made Florida her domicile; that any order regarding custody would be reversible because of the father’s failure to file a UCCJA affidavit with his petition; and that it was in the child’s best interest that paternity proceedings have their jurisdiction in Rochester, New York, where the child had lived her whole life, with the exception of the past three months. Zam-bito’s amended petition acknowledged that the mother and child indeed had moved to Florida only in February. The mother moved to dismiss the amended petition as well. She and the child returned to the state of New York in June 2000.
After holding an evidentiary hearing, in which the mother attempted to show that she did not have the intention of changing her domicile to Florida and Zambito attempted to show her actions indicated that she did, the trial court concluded that Florida was the child’s home state at the time the proceeding was filed and denied the mother’s motion to dismiss.
The UCCJA applies to paternity actions when custody is an issue. See Keveloh v. Carter, 699 So.2d 285 (Fla. 5th DCA 1997). One of the alternative bases for a court of this state to have subject matter jurisdiction to make a child custody determination is if this state is the home state of the child at the commencement of the proceeding. See § 61.1308(l)(a)l, Fla. Stat. (1999). That is the basis upon which the trial court found that it had jurisdiction in the order on review. However, the phrase “home state,” as used in the UC-CJA, is defined in section 61.1306(5) to mean “the state in which the child, immediately preceding the time involved, lived with his or her parents, a parent, or a person acting as parent for at least 6 consecutive months .... ” (Emphasis added). It is clear from the evidence, as well as from the parties’ pleadings, that Florida was not the child’s home state, as so defined, at the time the paternity proceeding was filed.
Accordingly, we grant the mother’s petition and quash the order denying her motion to dismiss.
WARNER, C.J., STONE and FARMER, JJ., concur.