KLEIN, J.
We grant the father’s petition for writ of prohibition in which he asserts that Florida does not have subject matter jurisdiction over T.S., his child, under the Uniform Custody Jurisdiction Act, section 61.514, Florida Statutes (2002).
Before the birth of T.S., his parents and their two other children lived in Florida, *307 but left the state in 1994 after child sexual abuse charges were filed against the father and dependency proceedings were initiated. The family wasn’t located until 2002, when it was discovered living in New York. T.S. was born after the family left Florida.
The father has been arrested and it appears he is now incarcerated pretrial in Florida. The children were removed from the mother in New York and are now in Florida. T.S., who had never lived in Florida, was only sent here from New York because, as a result of a mistake in the paper work filed by the department, his address was shown as “Jamaica Queens Florida.”
The father moved to dismiss for lack of subject matter jurisdiction only as to T.S., because it was undisputed that T.S. had never been in Florida prior to being picked up in New York. The trial court denied the motion.
The Department argues that the trial court has jurisdiction under section 61.514(l)(b), Florida Statutes, which would authorize Florida to exercise jurisdiction over T.S. if New York is not the home state, or if New York has declined jurisdiction and Florida is the more appropriate forum. It is undisputed, however, that T.S. has never been in Florida prior to this and is only here because of the mistake. Florida can only have jurisdiction under these circumstances if, under section 61.514(l)(b), no other state is the home state of the child, or if another state is, it has declined to exercise jurisdiction because this state is the more appropriate forum.
There is nothing in this record to demonstrate that New York has declined to exercise jurisdiction, and accordingly, at this stage of the proceedings, we have no alternative but to grant the writ of prohibition because Florida does not have subject matter jurisdiction over T.S. Snider v. Snider, 686 So.2d 802 (Fla. 4th DCA 1997)(if the jurisdictional requirements of the UC-CJA are not met, the court has no subject matter jurisdiction).
WARNER and STEVENSON, JJ., concur.