875 So.2d 646 (2004)
Robert Anthony PATTERSON, Appellant,
v.
Leathy TOMLINSON, Appellee.
No. 4D03-1357.
District Court of Appeal of Florida, Fourth District.
March 10, 2004.
Esther A. Zaretsky of the Law Office of Esther A. Zaretsky, West Palm Beach, for appellant.
Pamela Wynn, Lake Worth, for appellee.
KLEIN, J.
The appellee mother, a Jamaican resident, initiated this paternity suit in which the appellant was found to be the father, and child support and custody were determined. A few weeks after the final judgment was entered the father filed a rule 1.540 motion to set aside the judgment on the ground that the trial court lacked subject matter jurisdiction because the child *647 resided in Jamaica. He now appeals the order denying that motion.
The basis of the claim of lack of subject matter jurisdiction was the Uniform Child Custody Jurisdiction Act (UCCJA), section 61.1302-1348, Florida Statutes (1998)[1]. Specifically, the motion alleged that the mother had failed to file a UCCJA affidavit, which was required because the child resided in Jamaica. The motion was the first time that the UCCJA had been raised in the paternity proceeding.
Although the mother did not file a UCCJA affidavit, she did file a sworn petition stating that both the mother and child had resided in Jamaica at all times since the birth of the child, that the father had at all times resided in Florida, and that this proceeding was in the best interest of the child. Florida was the appropriate forum for establishing paternity and child support.
The UCCJA applies only to the issue of custody. § 61.1308, Fla. Stat. (1997). Jurisdiction for custody under the UCCJA exists if it "appears that no other state would have jurisdiction" and it is in the best interest of the child that a court of this state assume jurisdiction. § 61.1308(1)(d), Fla. Stat. (1998). The sworn petition satisfies these jurisdictional requirements. First, Jamaica is not a state. § 61.1306(10). Second, because the petition stated that the mother and child had at all times resided in Jamaica, and that the father had at all times resided in Florida, the petition met the requirement that it appear "that no other state would have jurisdiction." § 61.1308(1)(d)1.
We therefore conclude that the UCCJA was satisfied by the sworn petition and affirm the denial of the motion to set aside the judgment.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Effective October 1, 2002, the UCCJA was amended as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered to sections 61.501.542, Florida Statutes (2002). Because the mother's petition was filed prior to October 1, 2002, the UCCJA, rather than the UCCJEA, applies. See § 61.542, Fla. Stat. (2002).