PER CURIAM.
We find no error in the trial court naming the father primary residential parent in this dissolution action even though he did not file a UCCJEA affidavit. In this case the mother, who filed the petition for dissolution, did file a proper UCCJEA affidavit which established that the trial court had jurisdiction over custody. See Patterson v. Tomlinson, 875 So.2d 646 (Fla. 4th DCA 2004) (UCCJEA affidavit requirement satisfied by petition sworn by mother in paternity action which established the facts necessary to give the court jurisdiction over custody). Nor does the mother’s argument that the father failed to request custody in a pleading have merit, first because the father denied the mother’s claim in her pleading that she should be awarded custody, Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993); second, the record indicates that the issue was tried by consent. Affirmed.
WARNER, KLEIN and TAYLOR, JJ., concur.