915 So.2d 192 (2005)
Maria Julieta SANCHEZ, Appellant,
v.
Jesus Antonio FERNANDEZ, a/k/a Jesus Antonio Fernandez Zuniga, Appellee.
No. 4D04-2544.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Jose C. Bofill of Bofill & Vilar, P.A., Coral Gables, for appellant.
Jeffrey P. Wasserman and Robin I. Cohen of Shapiro, Blazi & Wasserman, P.A., Boca Raton, for appellee.
PER CURIAM.
Appellant, Maria Julieta Sanchez, appeals a final order dismissing with prejudice her action against appellee, Jesus Antonio Fernandez, for lack of subject matter jurisdiction, pursuant to section 61.506(1), Florida Statutes (the "UCCJEA"). We reverse.
On or about February 6, 2004, Sanchez filed a petition for adjudication of paternity and awards of custody and child support. The petition pled that the minor child was born in Bogota, Colombia, and that Sanchez and the minor child reside in Bogota, Colombia. Fernandez is alleged to be a resident of Broward County  an allegation he does not deny. The trial court dismissed the petition with prejudice for lack of subject matter jurisdiction pursuant to the UCCJEA.
Whether a court has subject matter jurisdiction is a question of law reviewed de novo. See Jacobsen v. Ross Stores, 882 So.2d 431, 432 (Fla. 1st DCA 2004).[1] We hold, under the narrow facts *193 of this case, that the trial court incorrectly applied the UCCJEA in dismissing Sanchez's paternity case. Where, as in the instant case, the putative father agrees that the mother should be awarded permanent primary residency of the child, custody is not an issue and the UCCJEA is inapplicable. This court has held that "[t]he UCCJA[2] applies only to the issue of custody." Patterson v. Tomlinson, 875 So.2d 646, 647 (Fla. 4th DCA 2004);[3]see also Wilson v. Zambito, 773 So.2d 581, 582 (Fla. 4th DCA 2000) ("The UCCJA applies to paternity actions when custody is an issue."). In Keveloh v. Carter, 699 So.2d 285, 287 (Fla. 5th DCA 1997), the fifth district held that, because the UCCJA applies to paternity actions where custody is in issue, the father's complaint to establish paternity invoked the provisions of the UCCJA where he "sought a determination of shared parental responsibility, custody and visitation."
We recognize that, according to the Florida Supreme Court, chapter 742, Florida Statutes, considered the "exclusive remedy for establishing paternity," provides that "any determination of paternity also involves a determination of custody." Amendments to Fla. Fam. L.R.P., 723 So.2d 208, 211 (Fla.1998).[4] However, where the parties do not dispute that the mother shall retain custody of the minor child, custody is not an issue and, therefore, the UCCJEA does not prohibit Florida courts from maintaining subject matter jurisdiction over the paternity action.[5]
Based on the foregoing, we hold that the trial court erred in dismissing Sanchez's paternity action for lack of subject matter jurisdiction. We hereby reverse the order of dismissal and remand this case to the *194 trial court for further proceedings in accordance with this opinion.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] We note that the de novo standard of review used here for this issue is in conflict with the abuse of discretion standard of review used in the third and fifth districts. See Birnbaum v. Birnbaum, 615 So.2d 241, 242 (Fla. 3d DCA 1993) ("[T]he trial court did not abuse its discretion or authority in concluding it was vested with subject matter jurisdiction to proceed on the issue of custody."); Munnerlyn v. Wingster, 825 So.2d 481, 482 (Fla. 5th DCA 2002) ("A trial court's determination of subject matter jurisdiction is subject to an abuse of discretion standard of review.").
[2] Effective October 1, 2002, the UCCJA was amended as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered to sections 61.501-542, Florida Statutes (2002). Patterson v. Tomlinson, 875 So.2d 646, 647 n. 1 (Fla. 4th DCA 2004).
[3] Patterson is not applicable to this case because it was decided under an old provision of the UCCJA which, unlike the UCCJEA, did not consider a foreign country a state for jurisdiction purposes. 875 So.2d at 647.
[4] The Supreme Court made this declaration in reference to the provision of section 742.031(1), (2), which states, in pertinent part:

(1) ... The court may also make a determination as to the parental responsibility and residential care and custody of the minor children in accordance with chapter 61.
(2) If a judgment of paternity contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting primary residential care and custody to the other parent without prejudice. If a paternity judgment contains no such provisions, custody shall be presumed to be with the mother.
[5] We note that if custody would have been disputed by the parties in the present case, thus invoking the UCCJEA, the trial court would have been correct in dismissing Sanchez's petition. Where Florida was never the home state of the minor child, Florida can have jurisdiction only if, under section 61.514(1)(b), no other state is the home state of the child, or if another state is, it has declined to exercise jurisdiction because this state is the more appropriate forum. S.S. v. Dep't of Children & Families, 851 So.2d 306 (Fla. 4th DCA 2003). In this case, there is nothing in this record to demonstrate that Colombia has declined to exercise jurisdiction.