DAMOORGIAN, J.
 

 Aldei Mariza Lande, the former wife, appeals the trial court’s final judgment dissolving her marriage to Richard A. Lande, the former husband. She also appeals several accompanying orders. We reverse the portions of the final judgment regarding child custody and child support, and affirm in all other respects.
 

 The parties were married in 1997 in New York. They have one minor child, a son. In October of 2000, the parties and their son moved to Clearwater, Florida. In 2002, they relocated to Pinellas County, Florida, where they purchased their marital home. Then, in December of 2002, the former wife and the son moved to Brazil, where they continued to reside as of the final judgment.
 

 In 2005, the former husband filed a petition for dissolution of marriage in Palm Beach County, Florida, which was served on the former wife in Brazil. When the
 
 *380
 
 former wife failed to file a timely responsive pleading, the trial court entered a default judgment. The former wife moved to vacate the default, but the trial court never ruled on that motion. After the default was entered, the former wife filed an answer and counter-petition for dissolution of the marriage. She subsequently filed a motion to dismiss the dissolution action for lack of jurisdiction.
 

 On December 14, 2007, the trial court entered the following orders:
 

 1. Order Denying the Former Wife’s Motion to Dismiss
 

 2. Order Granting the Former Husband Permission to Negotiate with Mortgage Lenders Without the Former Wife’s Consent
 

 3. Order Requiring the Former Wife to Obtain a Passport for Minor Child
 

 4. Order Denying the Former Wife’s Motion to Vacate Attorney’s Fees in the Amount of $1,275.00
 

 The court also entered a final judgment of dissolution of marriage. In addition to dissolving the parties’ marriage, the final judgment determined that the former husband shall be the primary custodial parent, that the former wife shall pay $227.00 per month in child support, that the former husband shall take the marital home in Pinellas County while the former wife takes the parties’ home in Brazil, that neither party shall be responsible for spousal support, and that the former wife and her trial counsel shall be jointly and severally liable for $1,275.00 in attorney’s fees for failing to appear at a deposition.
 

 The former wife appeals from the final judgment and the four accompanying orders. She argues that the Palm Beach County court lacked jurisdiction over the dissolution action because the parties last resided together in Pinellas County and their marital residence is located in Pinel-las County. She also argues that the court lacked jurisdiction to make a child custody determination because Florida was not the child’s home state, as defined in section 61.514, Florida Statutes (2007). Finally, she argues that venue was improper in Palm Beach County.
 

 Whether a court has jurisdiction is a question of law which is reviewed de novo.
 
 Lowe v. Lowe,
 
 948 So.2d 836, 839 (Fla. 4th DCA 2007);
 
 Sanchez v. Fernandez,
 
 915 So.2d 192, 192 (Fla. 4th DCA 2005).
 

 The trial court properly determined that it had jurisdiction to dissolve the parties’ marriage, equitably distribute the parties’ marital property, and enter a child support award. “Under the divisible divorce concept, if the trial court has subject matter jurisdiction over a marriage, pursuant to sections 61.021 and 61.052, Florida Statutes, then it can dissolve the marital relationship. But to adjudicate property disputes, support, and equitable distribution, the court must have personal jurisdiction over both parties.”
 
 Marshall v. Marshall,
 
 988 So.2d 644, 648 (Fla. 4th DCA 2008) (citation omitted). Here, the trial court had subject matter jurisdiction over the parties’ marriage because the former husband has been a continuous resident of Florida since October of 2000.
 
 See
 
 § 61.021, Fla. Stat. (2007) (“to obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition”). In addition, the trial court had personal jurisdiction over both parties because both appeared in the dissolution action without challenging personal jurisdiction.
 
 See
 
 Fla. R. Civ. P. 1.140(b) (stating that the defense of lack of personal jurisdiction must be raised in or prior to the responsive pleading).
 

 
 *381
 
 The trial court also had jurisdiction to enter the order allowing the former husband to unilaterally negotiate the mortgage on the parties’ marital residence even though that property is located outside of Palm Beach County. When the focal point of an action is
 
 in personam,
 
 a court has the power to determine the parties’ equitable rights even when the relief sought might incidentally affect real property over which the court does not have
 
 in rem
 
 jurisdiction.
 
 Ruth v. Dep’t of Legal Affairs,
 
 684 So.2d 181, 185-86 (Fla.1996). Here, the trial court’s order does not act directly on the property, nor does it directly order the transfer of title. It allows the former husband to take action on the mortgage, which is in the former wife’s name, in order to effectuate the equitable division of marital property. The trial court’s personal jurisdiction over both parties was sufficient for this order.
 

 Because the former wife failed to challenge venue in her answer to the petition for dissolution of marriage, she cannot challenge it on appeal. A party waives a venue challenge unless she raises it in the responsive pleading or in a motion made before the responsive pleading. Fla. R. Civ. P. 1.140(b), (h)(1). Accordingly, the former wife is precluded from appealing venue as improper.
 

 The trial court did not have jurisdiction to award the former husband primary residential custody of the parties’ minor child. Except in limited circumstances which do not apply in this case, a Florida court has jurisdiction to make an initial child custody determination only if Florida is the child’s home state on the date of the commencement of the custody proceeding or was the child’s home state within six months before commencement of the proceeding and a parent or person acting as a parent continues to live in the state.
 
 See
 
 § 61.514, Fla. Stat. (2007). “Home state” is defined as “the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding.” § 61.503(7), Fla. Stat. (2007). A foreign country is treated as a state of the United States for jurisdiction purposes. § 61.506(1), Fla. Stat. (2007). At the time the former husband filed the petition for dissolution of marriage, the child had been living with the former wife in Brazil for approximately three years. Thus, the child’s home state and the proper jurisdiction for the initial custody determination was Brazil, not Florida.
 

 We reverse the portion of the final judgment that awards the former husband primary residential custody of the parties’ minor child. We also reverse the determination of child support inasmuch as the calculation depended on declaring the former husband the primary custodial parent. We affirm the final judgment and the above-mentioned accompanying orders in all other respects.
 

 Affirmed in Part, Reversed in Part.
 

 WARNER and FARMER, JJ., concur.