RAMIREZ, J.
 

 Annelise Nissen appeals the trial court’s final order that dismissed her petition to determine paternity and for related relief in which she sought, among other things, to establish that appellee Ricardo Rene Cortez Moreno was the father of the minor child. We reverse because the trial court incorrectly dismissed the action for lack of subject matter jurisdiction.
 

 Cortez Moreno resides in the State of Florida and is a permanent resident of the United States. Both Nissen and the minor child reside in Guatemala, the child’s place of birth. Cortez Moreno moved to dismiss Nissen’s petition, arguing that the trial court lacked subject matter jurisdiction to determine any custody issues. He simultaneously filed proceedings in Guatemala to determine the paternity of the minor child. He later amended his motion to dismiss, arguing that Simeon Sosa Flores’ claim of paternity of the minor child in Guatemala constituted an additional ground for dismissal. At the hearing on the motion to dismiss, Cortez Moreno testified that he lives and works in Guatemala for half of his time, and he lives in Florida the remainder of the time. Cortez Moreno admitted that he had a relationship with Nissen.
 

 We first note that the issue of whether a court has subject matter jurisdiction involves a question of law that is reviewed de novo.
 
 See Sanchez v. Fernandez,
 
 915 So.2d 192 (Fla. 4th DCA 2005). Based on the testimony and evidence presented, we conclude that the trial court had subject matter jurisdiction over this action. Cortez Moreno is a resident of this State, and this is a paternity action
 
 *1112
 
 brought to establish child support and other monetary relief.
 
 See de Moya v. de Pena,
 
 148 So.2d 735 (Fla. 3d DCA 1963).
 

 Cortez Moreno’s argument that the trial court properly dismissed the petition because the Uniform Child Custody Jurisdiction and Enforcement Act applied and divested the court of jurisdiction, is entirely meritless. The argument is nothing but a red herring. The Uniform Child Custody Jurisdiction and Enforcement Act applies only when custody is at issue.
 
 See Sanchez v. Fernandez,
 
 915 So.2d 192, 192 (Fla. 4th DCA 2005);
 
 Patterson v. Tomlinson,
 
 875 So.2d 646, 647 (Fla. 4th DCA 2004). Custody is not an issue in this case.
 

 We therefore conclude that the trial court had subject matter jurisdiction over this action.
 

 Reversed.