WARNER, J.
Appellant, an unwed father, timely appeals a final order dismissing his paternity action for lack of jurisdiction. He claims that the Florida courts have jurisdiction to determine paternity, support, and time sharing, simply because the child was conceived in Florida, even though the child was born in New Hampshire where she and the mother reside and have continued to reside. We reject his claim, because under the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”) Florida is not the home state of the child, thus precluding Florida from exercising jurisdiction to determine custody, which includes the time sharing sought in this case.
The father and mother met on a cruise. Subsequently the mother came to Florida three times to see the father. The parties engaged in sexual relations while she was in Florida, which resulted in the mother becoming pregnant in April 2009. In January 2010, before the child was born, the father filed a Verified Petition to Determine Paternity and for Related Relief in the Circuit Court in and for Palm Beach County, Florida. Less than a month after he filed the petition, the mother gave birth to the child, who has resided in New Hampshire ever since.
In his petition the father requested that parental responsibility be shared by both the father and the mother, but stated: “In the event that the Mother fails to co-parent with the Father, then the Father requests, in the alternative, that he be awarded overriding decision making power and parental responsibility.” He sought the development of a parenting plan and proposed a plan in which he had substantial time sharing with the child, including *941 the entire summer and most vacation periods. The mother moved to dismiss, claiming that the court did not have subject matter jurisdiction. She also contested personal jurisdiction. The father filed a response in opposition to the motion to dismiss, asserting that the conception of the child in Florida provided jurisdiction under sections 742.011, 48.193(l)(h), and 88.2011(6), Florida Statutes. Although he conceded that the mother should have primary residential custody, he proposed a time-sharing plan for visitation with the child. Following a hearing, the trial court entered an order granting the mother’s motion to dismiss. Relying on Munnerlyn v. Wingster, 825 So.2d 481 (Fla. 5th DCA 2002), and Wilson v. Zambito, 773 So.2d 581 (Fla. 4th DCA 2000), the court reasoned that even though the child was conceived in Florida, the court did not have subject matter jurisdiction under the UC-CJEA. The court dismissed the proceeding, prompting this appeal.
The issue of whether the Florida circuit court has subject matter jurisdiction involves a question of law and is therefore subject to de novo review. See In re D.N.H.W., 955 So.2d 1236, 1238 (Fla. 2d DCA 2007).
Subject matter jurisdiction over child custody matters is governed by the Uniform Child Custody Jurisdiction and Enforcement Act, which the Florida Legislature adopted in 2002 to replace the Uniform Child Custody Jurisdiction Act (“UC-CJA”). See Hindle v. Fuith, 33 So.3d 782, 784 n. 2 (Fla. 5th DCA 2010). The UC-CJEA is codified in sections 61.501-542, Florida Statutes (2010). One of the stated purposes of the UCCJEA is to “[ajvoid jurisdictional competition and conflict with courts of other states in matters of child custody.” § 61.502(1), Fla. Stat. (2010). Under the UCCJEA, a “child custody determination” means “a judgment, decree, or other order of a court providing for the legal custody, physical custody, residential care, or visitation with respect to a child.” § 61.503(3), Fla. Stat. (2010) (emphasis supplied). The term includes a permanent, temporary, initial, and modification order, but does not include an order relating to child support or other monetary obligation of an individual. Id. A “ ‘[cjhild custody proceeding’ means a proceeding in which legal custody, physical custody, residential care, or visitation with respect to a child is an issue. The term includes a proceeding for ... paternity....” § 61.503(4), Fla. Stat. (emphasis supplied). A judgment or order incorporating a parenting plan under the general provisions of Chapter 61 is a child custody determination under the UCCJEA. See § 61.046(14)(c), Fla. Stat. (2010) (“For purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, part II of this chapter, a judgment or order incorporating a parenting plan under this part is a child custody determination under part II of this chapter.”) (emphasis supplied).
With limited exceptions, a Florida court has jurisdiction to make an initial child custody determination “only if Florida is the child’s home state on the date of the commencement of the custody proceeding or was the child’s home state within six months before commencement of the proceeding and a parent or person acting as a parent continues to live in the state.” Lande v. Lande, 2 So.3d 378, 381 (Fla. 4th DCA 2008); see also § 61.514(l)(a), Fla. Stat. (2010). For example, in Munnerlyn v. Wingster, 825 So.2d 481 (Fla. 5th DCA 2002), the Fifth District held that even though the child was conceived in Florida, the Florida circuit court did not have subject matter jurisdiction over the putative father’s petition to determine paternity and child custody where the mother and *942 child lived in Michigan, and the child had no significant connection to Florida.
Because the father has sought both shared parental responsibility and time-sharing with the child, he is seeking visitation with the child within the meaning of the UCCJEA. Therefore, its provisions control. Florida is not the home state of the child, and Florida can exercise jurisdiction only if it is the home state or one of the other limited exceptions under the act apply, which they do not.
We distinguish our decision in Sanchez v. Fernandez, 915 So.2d 192 (Fla. 4th DCA 2005). There, the mother, Sanchez, resided in Columbia with the minor child. Sanchez filed a petition for adjudication of paternity and awards of custody and child support. Id. at 192. The petition alleged that the putative father, Fernandez, was a resident of Broward County. The trial court dismissed the petition for lack of subject matter jurisdiction pursuant to the UCCJEA. On appeal, this court reversed, holding that under the “narrow facts” of the case, the trial court incorrectly applied the UCCJEA in dismissing Sanchez’s paternity case. Id. at 192-93. We explained: “Where, as in the instant case, the putative father agrees that the mother should be awarded permanent primary residency of the child, custody is not an issue and the UCCJEA is inapplicable.” Id. at 198. We did not discuss, because it was not within the facts of the case, whether any request for time-sharing or visitation was made. If it had been, then the UCCJEA would apply. If Sanchez had involved visitation and time-sharing, our opinion would have been contrary to the express provisions of the UCCJEA.
It is completely contrary to the legislative goals of the UCCJEA for Florida to assert jurisdiction to superintend the custody, shared parental responsibility, and visitation where the child is not and has never been a resident of this state. The mere fact of conception in this state is not such a tie to permit the courts of this state to exercise control in the face of express statutory authority precluding Florida from asserting jurisdiction.

Affirmed.

POLEN, J., and EHRLICH, MERRILEE, Associate Judge, concur.