# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2038
Lower Tribunal No. 16-4968
_____

**Kevin Paul,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ and LUCK, JJ.

ROTHENBERG, C.J.

Kevin Paul ("the defendant") appeals the trial court's entry of an order denying his motion to dismiss for lack of jurisdiction, wherein the trial court determined that jurisdiction was justified based on the effect of the defendant's conduct in Florida. Because we find that the State of Florida properly and reasonably exercised jurisdiction, we affirm.

## BACKGROUND

The defendant, a crewmember aboard the Norwegian Pearl, attempted to commit a sexual battery against a fellow crewmember ("the victim") while the Norwegian Pearl was in international waters. The defendant is a citizen of Grenada, and the victim is a citizen of Nicaragua. Neither the defendant nor the victim are Florida residents. The Norwegian Pearl flies under the Bahamian flag. Norwegian Cruise Line Holdings, Ltd., owns the Norwegian Pearl and is a Bermudian company, but the company's headquarters is in Miami, Florida. The Norwegian Pearl departed from Miami and returned to Miami, and nearly all of the revenue passengers embarked and disembarked in Miami.

After the attempted sexual battery was reported, the defendant was taken into custody by the ship's Captain (master of the ship) and confined to the brig on the Norwegian Pearl until the ship returned to Miami. Upon its return to Miami, Miami-Dade law enforcement was contacted, and Miami-Dade police subsequently took the defendant into custody. The State of Florida charged the

2

defendant by information with battery, attempted sexual battery, and false imprisonment.

The defendant filed a motion to dismiss the charges brought by the State for lack of subject matter jurisdiction. The trial court denied the motion based on its determination that Florida's exercise of jurisdiction under section 910.006(3)(d), Florida Statutes (2016), was appropriate and justified based on the effect of the defendant's criminal conduct in Florida. Thereafter, the defendant pled guilty to one count of attempted sexual battery without serious personal injury, reserving his right to appeal the order denying his motion to dismiss. The defendant's appeal followed.

## ANALYSIS

Whether a court has subject matter jurisdiction is a question of law, which we review de novo. Mobley v. State, 197 So. 3d 572, 574 (Fla. 4th DCA 2016); Nissen v. Cortez Moreno, 10 So. 3d 1110, 1111 (Fla. 3d DCA 2009).

Pursuant to section 910.006(3)(d), Florida has criminal jurisdiction over acts taking place on board a ship outside of Florida's territory where "[t]he act or omission occurs during a voyage on which over half of the revenue passengers on board the ship originally embarked and plan to finally disembark in this state, without regard to intermediate stopovers." In the instant case, it is undisputed that over half of the Norwegian Pearl's revenue passengers embarked from and

3

disembarked in Miami, Florida. In fact, 2,885 of the 2,888 revenue passengers aboard the Norwegian Pearl embarked and disembarked in Miami. Therefore, it is clear that section 910.006(3)(d) extends jurisdiction over the defendant's conduct.

Although the defendant concedes as much, the defendant contends that Florida's exercise of jurisdiction under this statute is nevertheless unconstitutional as applied to the defendant because the specific exercise of jurisdiction in this case falls outside of Florida's traditional police powers. On the other hand, the State contends that the exercise of jurisdiction in this case does fall within Florida's traditional police powers pursuant to the "effects doctrine," which refers to a state's sovereign authority to punish a criminal act occurring outside of the territory of the state if the act has a significant effect within the state. See State v. Stepansky, 761 So. 2d 1027, 1035-36 (Fla. 2000) (stating that an extraterritorial exercise of criminal jurisdiction may fall within Florida's traditional police powers pursuant to the "effects doctrine" so long as it (1) "does not conflict with federal law" and (2) "is a reasonable application of the effects doctrine").

Thus, the specific and narrow issue in this appeal is whether the effects doctrine was reasonably applied in this case.[1] The defendant also concedes that if a revenue passenger was involved in the crime, then Florida would have jurisdiction pursuant to the effects doctrine because the criminal conduct could, if left

---

[1] The defendant does not suggest that there is a conflict between Florida law and federal law, and he has expressly waived any preemption arguments on appeal.

unprosecuted, affect Florida's cruise-reliant tourism economy. The defendant's argument in this appeal is that it is unreasonable to conclude that his criminal conduct in international waters will have a significant effect on Florida's tourism industry because the crime involved only foreign **crewmembers**, which the defendant contends does not involve or pose a threat to **revenue passengers**. In other words, the defendant contends that even if a sexual assault between crewmembers were to go unprosecuted, Florida's tourism economy would not be significantly affected. We reject the defendant's argument because we find the distinction between working passengers and revenue passengers on board cruise ships to be entirely without merit.

Both the Florida Supreme Court and the Florida Legislature have recognized Florida's interest in protecting all persons who travel on cruise ships departing from and returning to Florida. The Legislature has not limited its intent to revenue passengers. See §§ 910.006(1)(a-b) (stating that "[t]he State of Florida is a major center for international travel and trade by sea," and that "[t]he state has an interest in ensuring the protection of **persons** traveling to or from Florida by sea"); Stepansky, 761 So. 2d at 1036 (citing United States v. Roberts, 1 F. Supp. 2d 601, 607-08 (E.D. La. 1998) (emphasis added); United States v. Pizdrint, 983 F. Supp. 1110, 1112-13 (M.D. Fla. 1997)). As the Florida Supreme Court specifically noted in Stepansky, "Florida's tourism industry could be significantly affected if crimes

5

that occur on board cruise ships where a majority of the fare-paying passengers embark and disembark in Florida were to go unprosecuted." <u>Stepansky</u>, 761 So. 2d at 1036. The Florida Supreme Court did not limit its holding to the status of those involved in the criminal incident. Indeed, the defendant has not pointed to any case in Florida that distinguishes between crewmembers and passengers for the purpose of determining whether Florida may exercise jurisdiction. The threat that unprosecuted cruise-ship crimes pose to Florida's tourism industry is not somehow lessened by the fortuitous fact that the defendant chose to attack a fellow crewmember (working passenger) instead of a revenue passenger. Accordingly, we find, based on the facts of this case, that the effects doctrine is a reasonable and proper basis for exercising jurisdiction in Florida.[2]

## CONCLUSION

In short, nothing in the record suggests that the application of the effects doctrine would be unreasonable in this case. Accordingly, because Florida has the sovereign authority to exercise criminal jurisdiction based on section 910.006(3)(d)

---

[2] We additionally note that, contrary to the defendant's arguments, there are no comity concerns in this case. Although the legislature has made it clear in section 910.006(5)(a)(1) that "[t]his section is not intended to assert priority over or otherwise interfere with the exercise of criminal jurisdiction by the United States, the flag state, or the state in whose territory an act or omission occurs," this provision is not even implicated in this case as there is no evidence that any other state has attempted to exercise jurisdiction over the defendant's conduct.

and the effects doctrine, we conclude that the trial court properly denied the defendant's motion to dismiss.

Affirmed.