IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PAULINE MARTINA KEOGH,

      Appellant,

 v.                                   Case No.  5D18-1080

ROBERT STEPHEN KEOGH,

      Appellee.

_____/

Opinion filed August 31, 2018

Non-Final Appeal from the Circuit
Court for Brevard County,
George Paulk, Judge.

Mark M. O'Mara and Carina M. Leeson, of
O'Mara Law Group, Orlando, for Appellant.

Clay D. Morgan, of Morgan & Barbary, P.A.,
Melbourne, for Appellee.

PER CURIAM.

      Pauline Keogh ("Wife") appeals the non-final order dismissing her claim for child support. We have jurisdiction,[1] and we reverse because the trial court erred in concluding that it did not have jurisdiction to award child support.

      The parties were married in Florida in November 2006 and have one minor child born to their marriage. The parties separated, and the minor child now lives with Wife in Ireland. In June 2017, Robert Keogh ("Husband") filed his petition for dissolution of

---

[1] See Fla. R. App. P. 9.130(a)(3)(C)(iii)a.

marriage. Pertinent to this appeal, Husband alleged that under Florida's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),[2] the trial court did not have jurisdiction over the parties' minor child. Wife answered the petition and later filed an amended counterpetition for dissolution of marriage in which she requested, among other things, temporary and permanent child support for their minor child and for Husband to maintain a policy of medical insurance to provide for the health care needs of the child and contribute to the child's uncovered health related costs. Wife did not plead for the court to make a child custody determination.

Husband moved to dismiss Wife's claim for child support, asserting that because Wife and the minor child have lived continuously in Ireland for over two years, Florida is not the child's "home state" under the UCCJEA and, thus, the court had no jurisdiction to grant any relief related to the minor child. The trial court agreed, finding that the undisputed facts showed that Florida was not the child's home state prior to the commencement of this action and because the court does not have jurisdiction over child custody issues, it also lacked jurisdiction to award child support, "either under the UCCJEA or Florida Statute section 61.13."

Whether the court has jurisdiction in this case is a question of law that is reviewed de novo. *Nissen v. Cortez Moreno*, 10 So. 3d 1110, 1111 (Fla. 3d DCA 2009) (citing *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005)). We hold that the plain language of section 61.13(1)(a), Florida Statutes (2017), provides the trial court with jurisdiction in this case to award child support.

---

[2] Codified at sections 61.501-61.542, Florida Statutes (2017).

2

We first address the trial court's reasoning that it lacked jurisdiction to award child support under the UCCJEA. The UCCJEA is a jurisdictional act that controls custody disputes. *In re D.N.H.W.*, 955 So. 2d 1236, 1238 (Fla. 2d DCA 2007) (quoting *Arjona v. Torres*, 941 So. 2d 451, 454 (Fla. 3d DCA 2006)). Here, there is no request for a child custody determination in the pleadings as Florida, admittedly, is not the home state of the child. The term "child custody determination" under the UCCJEA specifically excludes an order relating to child support or other monetary obligation of an individual. *See* § 61.503(3), Fla. Stat. (2017). This Act applies only to the issue of custody. *Patterson v. Tomlinson*, 875 So. 2d 646, 647 (Fla. 4th DCA 2004).

Next, we hold that the court erred in finding that it had no jurisdiction under section 61.13, Florida Statutes (2017), to order child support. Section 61.13(1)(a) provides, in pertinent part, that "[i]n a proceeding under this chapter, the court may at any time order either or both parents who owe a duty of support to a child to pay support to the other parent." The parties' dissolution of marriage litigation pending below is a proceeding under chapter 61, and Husband owes a duty to support his minor child. As there is no dispute here that the court has personal jurisdiction over the parties, this statute gives the court jurisdiction to order Husband, as the child's parent, to pay child support. The fact that a custody proceeding may, at some point, be instituted in Ireland does not preclude a Florida court from presently exercising its authorized jurisdiction to award child support.

Accordingly, we reverse the trial court's order dismissing Wife's child support claim for lack of jurisdiction and remand for further proceedings.

REVERSED and REMANDED.

COHEN, C.J., BERGER and LAMBERT, JJ., concur.

3