# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2035
Lower Tribunal No. 21-13275
_____

**Michael Lindstrom,**

Appellant,

vs.

**Ana Paula Maschioro Lindstrom,**

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Marti Goldstein, P.A., and Marti Goldstein, for appellant.

No appearance, for appellee.

Before LOGUE, C.J., and EMAS and GOODEN, JJ.

PER CURIAM.

In this paternity action, the Appellant Michael Lindstrom asserts that the trial court did not have subject matter jurisdiction because the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") applies. We disagree.

The UCCJEA is "a jurisdictional act which controls custody disputes." Arjona v. Torres, 941 So. 2d 451, 454 (Fla. 3d DCA 2006) (emphasis omitted). And it only applies where custody is at issue. See § 61.503(4), Fla. Stat. (2023) ("'Child custody proceeding' means a proceeding in which legal custody, physical custody, residential care, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear."); id. at (3) ("'Child custody determination' . . . does not include an order relating to child support or other monetary obligation of an individual."). The parties here did not dispute custody of the minor child. As a result, the trial court had subject matter jurisdiction over this paternity action. See Nissen v. Cortez Moreno, 10 So. 3d 1110, 1112 (Fla. 3d DCA 2009); Sanchez v. Fernandez, 915 So. 2d 192, 193 (Fla. 4th DCA 2005).

Affirmed.