DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.D.** and **T.D.**,
Appellants,

v.

**C.D.**,
Appellee.

Nos. 4D2024-1355 and 4D2024-1493[1]

[April 16, 2025]

Appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Melanie D. Surber, Judge; L.T. Case Nos. 50-2022-DP-000206 and 50-2024-GA-000254.

Jonathan Mann and Robin I. Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Christian Luther Davenport, Berlin, Maryland, pro se, and Joshua B. Spector of Statewide Guardian ad Litem Office, Miami, and Sara Elizabeth Goldfarb and Sarah Todd Weitz of Statewide Guardian ad Litem Office, Tallahassee, for appellee.

CONNER, J.

Appellants are the maternal grandparents of two minor children who are under the jurisdiction and supervision of the juvenile division of the trial court ("the dependency court"). While the dependency proceedings were ongoing, the grandparents filed plenary guardianship petitions in the probate and guardianship division of the trial court ("the guardianship court").[2] In the plenary guardianship petitions, the grandparents sought

---

[1] We previously consolidated the appeals for panel purposes. Because the initial brief in both cases raised the same arguments for reversal, we issue this opinion to address both appeals.

[2] "The Probate & Guardianship Division of the Circuit Court, Palm Beach County, Florida hears probate, guardianship, and other mental health matters as defined in Administrative Order 6.102." *In re: Probate and Guardianship Assignment*

permanent custody of the children.  The guardianship court entered a final order, sua sponte dismissing the guardianship petitions without a hearing shortly after the petitions were filed.  The grandparents appeal, contending they were denied due process.  We affirm the dismissals and explain our reasoning.

*Background*

The children, who are under the protection of an ongoing proceeding in the dependency court, were adjudicated dependent and placed in the grandparents' custody.  When the children were sheltered with the grandparents, the natural parents were not living together.

Subsequently, the father filed a motion to modify custody and return custody to him.  After hearing evidence and arguments regarding the father's motion, the dependency court orally granted the motion and directed a transition plan be developed because the children had not lived with the father for some time.  A written order was entered by the dependency court the same day.

The day after the father's motion was granted, the grandparents filed petitions for plenary guardianship of the children in the guardianship court.  Approximately a week after the guardianship petitions were filed, the guardianship court dismissed the petitions based on the dependency court's order reunifying the children with the father.

After the guardianship court denied the grandparents' motion for rehearing, the grandparents gave notice of appeal.

*Appellate Analysis*

The grandparents contend the guardianship court violated their due process rights when it dismissed the guardianship petition.  The guardian ad litem's answer brief, which the father has adopted, argues the guardianship court lacked jurisdiction over the children because of the dependency court's jurisdiction over them.  Thus, this appeal's resolution involves the intersection and priority of child dependency and child guardianship statutes, rules, and caselaw.

---

*Criteria Excluding Cases Heard by General Magistrates*, Fla. 15th Jud. Cir. Admin. Order No. 6.101-06/2022 (June 6, 2022), https://www.15thcircuit.com /sites/default/files/administrative-orders/6.101.pdf.

2

"A claim arguing a denial of due process, a constitutional question, is reviewed de novo." *Singletary v. State*, 338 So. 3d 318, 320 (Fla. 3d DCA 2022). Matters of statutory interpretation and jurisdiction are also reviewed de novo. *See Interest of Z.A.R.*, 351 So. 3d 1208, 1210 (Fla. 2d DCA 2022) (citing *Beltway Cap., LLC v. Greens COA, Inc.*, 153 So. 3d 330, 332 (Fla. 5th DCA 2014); *Lande v. Lande*, 2 So. 3d 378, 380 (Fla. 4th DCA 2008)).

Section 39.013(4), Florida Statutes (2024), provides:

> Orders entered pursuant to this chapter which affect the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for a minor child <u>shall take precedence over other orders entered in civil actions or proceedings</u>. However, <u>if the court has terminated jurisdiction, the order may be subsequently modified by a court of competent jurisdiction in any other civil action or proceeding</u> affecting placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same minor child.

§ 39.013(4), Fla. Stat. (2024) (emphasis added). Applying this section, the Legislature has made clear that once a trial court has jurisdiction over a child under chapter 39, the chapter 39 resolution of custodial placement supersedes orders entered in other civil actions or proceedings. *Id.* Thus, an order regarding child custody may not conflict with a chapter 39 order unless the dependency court has terminated chapter 39 jurisdiction. *Id.*

We acknowledge, even when a dependency court continues its chapter 39 jurisdiction over a child, a separate trial court division is not deprived of subject matter jurisdiction to hear a petition concerning the child. *See Z.A.R.*, 351 So. 3d at 1210–11 (trial court erred in dismissing a chapter 63 petition for termination of parental rights for lack of jurisdiction based on the fact that chapter 39 proceedings concerning the same child were ongoing); *see also In re S.N.W.*, 912 So. 2d 368, 373–74 (Fla. 2d DCA 2005) (holding, although the dependency court's determinations were preeminent to another division's orders as to adoption, the adoption agency was not precluded from bringing an adoption and termination of parental rights petition at the same time in a different division). As the *Z.A.R* Court clarified, subject matter jurisdiction was not absent in the chapter 63 case because "all circuit court judges have jurisdiction to hear both types of [termination of parental rights] proceedings." *Id.*

In the same way, the guardianship court in the instant case did not lack jurisdiction to entertain the plenary guardianship petition, regardless of the ongoing chapter 39 jurisdiction. The circuit court had subject matter jurisdiction to hear both cases, and both cases could be pending at the same time in different divisions. Thus, we disagree with the guardian ad litem's and the father's argument that the guardianship court did not have jurisdiction to entertain the grandparents' petition.

Nonetheless, as *In re S.N.W.* clarified, the guardianship proceeding was secondary to the dependency proceeding. 912 So. 2d at 373. Thus, absent a termination of the dependency court's jurisdiction, the relief sought in the guardianship petitions could be granted only to the extent it was not contradictory to the determinations in the dependency proceeding.

Here, the guardianship petition sought placement of the children with the grandparents, contending the father was not fit to care for the children. However, the dependency court's preceding order found that placement with the father would not endanger the children. In other words, via their guardianship petitions, the grandparents were seeking to undo the dependency court's custody determination. Chapter 39's plain language prohibits this. As previously noted, the chapter 39 orders "take precedence over other orders entered in civil actions or proceedings." § 39.013(4), Fla. Stat. (2024). Thus, dismissal of the guardianship petitions was proper.

As to the grandparents' claim they were denied due process, we first note section 39.01(60), Florida Statutes (2024), allows the actual custodians of children (i.e., the grandparents) to be designated as "participants" in the dependency proceeding, entitling them to receive notice of hearings involving the children. *Id.* More importantly, section 39.01(60) provides: "Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene." *Id.*

Significantly, the grandparents had the opportunity, pursuant to section 39.552(3)(c)4.a., Florida Statutes (2024), to seek party status for the limited purpose of objecting to the father's motion to modify custody, seeking an evidentiary hearing on the objection, and presenting evidence at the hearing. Nothing in the record shows the grandparents attempted to seek party status in objecting to the father's motion to modify custody. Nonetheless, a transcript from the father's custody modification hearing demonstrates the grandmother was called as a witness by the Department of Children and Families to oppose the father's motion.

4

Instead of seeking party status to object to the father's custody motion, the grandparents tactically decided to file a separate guardianship proceeding in an attempt to prove the best interest of the children is to live with the grandparents, rather than the father. Having failed to pursue their rights pursuant to section 39.552(3)(c)4.a., the grandparents cannot complain that they were denied due process to present evidence to justify custody with them by way of guardianship.

Second, the fact that the grandparents were not parties in the dependency case does not equate to a due process violation justifying the grandparents' attempt to re-litigate custody in separate guardianship proceedings. Significantly, the United States Supreme Court has identified the "liberty" interest of parents in the care, custody, and control of their children that is "protected by the Due Process Clause." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). However, as we have recognized: "[O]nly <u>natural parents</u> have a fundamental liberty interest in raising their children." *K.N. v. Dep't of Child. & Fams.*, 359 So. 3d 741, 744–45 (Fla. 4th DCA 2023) (emphasis added); *see also Y.H. v. F.L.H.*, 784 So. 2d 565, 574 (Fla. 1st DCA 2001) (holding that grandparents did not have due process right to intervene in adoption even though parents were minors).

Prior to the grandparents filing the guardianship petitions, the dependency court had already ruled: "No evidence was presented at the hearing that placement with the Father would endanger the safety, well-being, or physical, mental or emotional health of the children." Thus, the father's liberty interest in the children was not obviated and he had a due process right to raise his children. The Due Process Clause does not extend this right to grandparents. Therefore, the grandparents were not entitled under the Due Process Clause to any notice or opportunity to be heard greater than the father, and their claim of denial of due process is without merit.

*Conclusion*

Because the dependency court's jurisdiction was ongoing and primary when the grandparents' guardianship petitions were filed, the guardianship proceedings could not make custody determinations which conflicted with dependency court custody determinations. Thus, the guardianship petitions were properly dismissed. The grandparents did not pursue their right to seek party status to object to the father's motion for change of custody in dependency court. The dismissal of the guardianship petitions did not deprive the grandparents of the right to be heard as to the best interest of the grandchildren.

5

Additionally, the father's right to custody of the children was protected by the Due Process Clause, and the grandparents had no rights to custody of the children under the Due Process Clause. Thus, we affirm the final orders dismissing the guardianship proceedings.

*Affirmed.*

KUNTZ, J., and BRISTOW, APRIL, Associate Judge, concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**