DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.D.,** and **T.D.,** the grandparents,
Appellants,

v.

**C.D.,** and **GUARDIAN AD LITEM,** o/b/o S.S.1 and S.S.2, et al.,
Appellees.

Nos. 4D2024-1355 and 4D2024-1493[1]

[June 25, 2025]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Melanie D. Surber, Judge; L.T. Case Nos. 50-2022-DP-000206 and 50-2024-GA-000254.

Robin I. Bresky, Randall D. Burks, and Jonathan Mann of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellants.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian Ad Litem Office, for appellee Guardian ad Litem.

C.D., Berlin, Maryland, pro se.

***ON MOTION FOR REHEARING***

CONNER, J.

We grant the Appellants' and the Guardian ad Litem's ("GAL") motions for rehearing,[2] withdraw our opinion dated April 16, 2025, and issue the following in its place.

Appellants are the maternal grandparents of two minor children who, at the time of these appeals, are under the jurisdiction and supervision of

---

[1] We previously consolidated the appeals for panel purposes. Because the initial brief in both cases raised the same arguments for reversal, we issue this opinion to address both appeals.

[2] We deny the other post-opinion motions filed by the parties.

the trial court's juvenile division ("the dependency court"). While the dependency proceedings were ongoing, the grandparents filed plenary guardianship petitions in the trial court's probate and guardianship division ("the guardianship court"). In the plenary guardianship petitions, the grandparents sought permanent custody of the children. The guardianship court sua sponte entered a final order dismissing the guardianship petitions without a motion or hearing shortly after the petitions were filed. The grandparents appeal the dismissal of their petitions, contending they were denied due process. We affirm the dismissals and explain our reasoning.

*Background*

The dependency court adjudicated the children dependent as to both parents and placed the children in the grandparents' custody. At the time the children were placed with the grandparents, the natural parents were not living together.

Subsequently, the father filed a motion to return custody to him. The Department of Children and Families, the GAL, and the mother opposed the father's motion. After hearing evidence and arguments on the father's motion, the dependency court orally granted the motion subject to the dependency court approving a transition plan. A transition plan was needed because (1) the father lived out of state; (2) the children had very little exposure to the father; and (3) the children had special needs requiring some training for the children's parent or caretaker. After the dependency court approved a transition plan approximately a month later, the dependency court entered a written order granting modification of custody to the father.

After the dependency court pronounced its oral ruling approving the father's custody motion, but before the dependency court entered its written order, the grandparents filed their plenary guardianship petitions in the guardianship court. At the time, the same circuit court judge was presiding over both the dependency court and the guardianship court. Approximately a week after the grandparents filed the guardianship petitions, the judge, acting as the guardianship court, sua sponte dismissed the petitions based on the dependency court's order reunifying the children with the father.

After the guardianship court denied the grandparents' motion for rehearing, the grandparents gave notice of appeal.

2

*Appellate Analysis*

The grandparents contend the guardianship court violated their due process rights when it sua sponte dismissed their guardianship petitions. The GAL's answer brief, which the father adopted,[3] argues the guardianship court properly dismissed the guardianship petitions because the dependency court had exclusive jurisdiction over the children, and the guardianship petitions were nothing more than an improper attempt to circumvent the dependency court's custody decision through a separate proceeding. The answer brief also argues the grandparents never had a substantive due process right to custody of the children. Thus, the resolution of this appeal involves the intersection and priority of child dependency and child guardianship statutes, rules, and caselaw.

"A claim arguing a denial of due process, a constitutional question, is reviewed de novo." *Singletary v. State*, 338 So. 3d 318, 320 (Fla. 3d DCA 2022) (citation omitted). Matters of statutory interpretation and jurisdiction are also reviewed de novo. *See Interest of Z.A.R*, 351 So. 3d 1208, 1210 (Fla. 2d DCA 2022) (citing *Beltway Cap., LLC v. Greens COA, Inc.*, 153 So. 3d 330, 332 (Fla. 5th DCA 2014); *Lande v. Lande*, 2 So. 3d 378, 380 (Fla. 4th DCA 2008)).

Section 39.013(4), Florida Statutes (2024), provides:

> Orders entered pursuant to this chapter which affect the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for a minor child <u>shall take precedence over other orders entered in civil actions or proceedings</u>. However, <u>if the court has terminated jurisdiction, the order may be subsequently modified by a court of competent jurisdiction in any other civil action or proceeding</u> affecting placement of, access to, parental time with, adoption of, or parental rights and responsibilities for the same minor child.

§ 39.013(4), Fla. Stat. (2024) (emphasis added). Thus, by statute, the Legislature has made clear that once a circuit court has chapter 39 jurisdiction over a child, the chapter 39 resolution of custodial placement supersedes orders entered in other civil actions or proceedings. *Id.* In

---

[3] We note that despite the GAL's strong opposition to the father's custody motion, the GAL has taken the lead appellee role in this appeal. Although the father filed a joinder to the GAL's answer brief, the father did not join the GAL's motions for rehearing and clarification.

other words, an order regarding child custody may not conflict with a chapter 39 order unless the dependency court has terminated chapter 39 jurisdiction. *Id.*; *Z.A.R.*, 351 So. 3d at 1212 n.6.

We acknowledge even when a dependency court continues its chapter 39 jurisdiction over a child, a separate circuit court division is not deprived of subject matter jurisdiction to hear a petition concerning the child. *See Z.A.R.*, 351 So. 3d at 1210–11 (circuit court erred in dismissing a chapter 63 petition for termination of parental rights for lack of jurisdiction based on the fact that chapter 39 proceedings concerning the same child were ongoing); *see also In re S.N.W.*, 912 So. 2d 368, 373–74 (Fla. 2d DCA 2005) (holding although the dependency court's determinations were preeminent to another division's orders as to adoption, the adoption agency was not precluded from bringing an adoption and termination of parental rights petition at the same time in a different division). As *Z.A.R.* explained, subject matter jurisdiction was not absent in the chapter 63 adoption case because "*all* circuit court judges have jurisdiction to hear both types of [termination of parental rights] proceedings." *Id.* at 1210.

In the same way here, the guardianship court did not lack subject matter jurisdiction to entertain the plenary guardianship petition, regardless of the ongoing chapter 39 jurisdiction. The circuit court's different divisions had subject matter jurisdiction to hear both cases, and both cases could be pending at the same time in different divisions, assuming the guardianship court's orders did not conflict with the dependency court's orders pertaining to custody.[4]

Nonetheless, as *S.N.W.* clarified, the guardianship proceeding was secondary to the dependency proceeding in terms of custody determinations. 912 So. 2d at 373. Thus, absent a termination of the dependency court jurisdiction, the relief sought in the guardianship petitions seeking custody of the children could not be contradictory to the dependency court's orders.

Here, the guardianship petition sought placement of the children with the grandparents, contending the father was not fit to care for the children. However, before the guardianship court could act, the dependency court found placement with the father would not endanger the children. By their guardianship petitions, the grandparents attempted to circumvent the dependency court's custody determination. Chapter 39's plain language prohibits such attempts. As previously noted, the dependency court's

---

[4] For example, a guardianship proceeding for a dependent child could address issues of control of the child's property.

4

orders entered pursuant to chapter 39 "take precedence over other orders entered in civil actions or proceedings." § 39.013(4), Fla. Stat. Thus, while the dependency court continued to exercise jurisdiction over the children, the guardianship court had no power to enter a custody order that was inconsistent with the dependency court's custody order. Thus, the guardianship court lacked <u>case jurisdiction</u> to proceed. *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000) ("'Case' jurisdiction is the 'power of the court over a particular case that is within its subject matter jurisdiction.'" (quoting *T.D. v. K.D.*, 747 So. 2d 456, 457 n.2 (Fla. 4th DCA 1999))); *Trerice v. Trerice*, 250 So. 3d 695, 698 (Fla. 4th DCA 2018) ("The concept of 'the power of the court over a particular case' is rooted in the notion that given the *procedural posture of the case*, the court is without authority to act.").

The grandparents' initial brief argues two points: (1) the dependency statutes are stacked against grandparents trying to protect grandchildren because the grandparents are not parties to the dependency proceeding and thus had no voice; and (2) the guardianship court's sua sponte dismissal orders violated due process because the grandparents had no opportunity to be heard.

As to the grandparents' due process claim, we first note section 39.01(60), Florida Statutes (2024), allows the actual custodians of children (here, the grandparents) to be designated as "participants" in the dependency proceeding, entitling them to receive notice of hearings involving the children. *Id.* More importantly, section 39.01(60) provides: "<u>Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene</u>." *Id.* (emphasis added).

In the rehearing motions, both the grandparents and the GAL correctly point to caselaw that dependency custodians are deemed "participants" under Chapter 39 who do not have party status except for very limited circumstances. *See Fla. Dep't of Child. & Fams. v. Foster Parents of K.J.*, 406 So. 3d 329, 331 (Fla. 3d DCA 2025) ("Chapter 39 excludes caregivers from party status, with limited exceptions."); *Interest of J.R.*, 379 So. 3d 592, 596 (Fla. 2d DCA 2024) ("Florida courts have restricted party designation in several cases, limiting parties to those specifically designated by statute."); *Statewide Guardian Ad Litem Office v. J.B.*, 361 So. 3d 419, 427 (Fla. 3d DCA 2023) (Tanenbaum, J., concurring) (discussing the narrow exception allowing caregiver intervention in a dependency proceeding).

The grandparents and the GAL agree that the grandparents did not meet the limited criteria for being granted party status as participants in

5

the dependency proceeding. However, neither side argued the meaning of the words in section 39.01(60) that "[p]articipants may be granted leave by the court to be heard without the necessity of filing a motion to intervene." Thus, we decline to opine on those words' meaning.

We acknowledge the grandparents' good faith attempt to protect the children by initiating the guardianship proceeding. However, by statute, the Legislature has chosen who has party status with the opportunity to present evidence in dependency proceedings regarding the protection and best interests of children. Thus, while the grandparents' argument that the dependency statutes are "stacked against them" may be metaphorically true, the argument is not a basis for reversing the trial court. The fact that the grandparents were not granted party status in the dependency proceeding does not equate to a due process violation justifying their attempt to re-litigate custody in separate guardianship proceedings. Significantly, the United States Supreme Court has identified the "liberty" interest of parents in the care, custody, and control of their children that is "protected by the Due Process Clause." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). As we have recognized: "only natural parents have a fundamental liberty interest in raising their children[.]" *K.N. v. Dep't of Child. & Fams.*, 359 So. 3d 741, 744–45 (Fla. 4th DCA 2023) (emphasis added; citation omitted); *see also Y.H. v. F.L.H.*, 784 So. 2d 565, 574 (Fla. 1st DCA 2001) (holding that grandparents did not have a due process right to intervene in adoption proceeding even though the children's parents were minors).

As discussed, prior to the grandparents filing their guardianship petitions, the dependency court had already ruled no evidence was presented at the change of custody hearing that "placement with the Father would endanger the safety, well-being, or physical, mental or emotional health of the children." Thus, the father's liberty interest in the children was not obviated and he had a due process right to raise his children. The Due Process Clause does not extend the right to raise children to grandparents. Therefore, under the Due Process Clause, the grandparents were not entitled to any notice or opportunity to be heard regarding custody of the children, and likewise their due process claim in the guardianship proceeding lacks merit.

The grandparents argue that guardianship proceedings are governed by the Florida Rules of Civil Procedure, rather than the Florida Rules of Juvenile Procedure, and therefore they were denied due process when the guardianship court dismissed their petitions without a motion and a hearing. We again note the dependency court's custody order and the guardianship court's dismissal orders were entered by the same circuit

judge. Although not stated in the dismissal orders, we assume the guardianship court recognized it did not have case jurisdiction to act.

Additionally, as pointed out in the GAL's answer brief, the problem with the grandparents' due process argument is the argument ignores section 39.013(3), Florida Statutes (2024), which provides:

> When a child is under the jurisdiction of the circuit court pursuant to this chapter, the circuit court assigned to handle dependency matters may exercise the general and equitable jurisdiction over guardianship proceedings under chapter 744[.]

Although it would have been preferable for the guardianship court to give notice of its intent to dismiss the petitions and afford the grandparents an opportunity to respond, we construe the dismissal orders as rulings on a motion for rehearing by a nonparty regarding a dependency custody order filed under a new case number. We agree with the GAL's argument that Chapter 39 does not permit a guardianship court to undo a dependency court's custody order, when the dependency proceeding is still ongoing. Any procedural error committed by the guardianship court in dismissing the grandparents' petitions was harmless.

## *Conclusion*

Because dependency court jurisdiction was ongoing and primary when the grandparents filed their guardianship petitions, the guardianship court could not make custody determinations which conflicted with the dependency court's custody determinations. Additionally, the father's right to custody of the children was protected by the Due Process Clause, and the grandparents had no rights to custody of the children under the Due Process Clause. The dismissal of the guardianship petitions did not deprive the grandparents of the right to be heard as to the best interest of the grandchildren while the dependency proceeding was still pending. Any procedural error committed by the trial court was harmless. Thus, we affirm the final orders dismissing the guardianship proceedings.

*Affirmed.*

KUNTZ, J., and BRISTOW, APRIL, Associate Judge, concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

7